Submitted on record and briefs February 22, sentences vacated; remanded for
resentencing; otherwise affirmed May 3, 2006

STATE OF OREGON,
*Respondent,*

*v.*

JEFFREY ALLEN STEELE,
*Appellant.*

20-02-11109; A119204

134 P3d 1054

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief
Defender, and Jennelle Meeks Barton, Deputy Defender,
Office of Public Defense Services, filed the briefs for
appellant.

Hardy Myers, Attorney General, Mary H. Williams,
Solicitor General, and Joanna L. Jenkins, Assistant Attorney
General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman* and
Ortega, Judges.

---

* Schuman, J., *vice* Ceniceros, S. J.

LANDAU, P. J.

**LANDAU, P. J.**

Following a jury trial, defendant was convicted of burglary in the first degree, ORS 164.225. The trial court imposed an upward durational departure sentence of 68 months' imprisonment and ordered that defendant not be considered for sentence modification programs, ORS 137.750. On appeal, defendant argues that the trial court erred by refusing to give a requested jury instruction, by imposing the departure sentence, and by denying him consideration for sentence modification programs.

We reject without discussion defendant's first assignment of error, regarding the trial court's refusal to deliver the requested jury instruction. In challenging his departure sentence, defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the court erred in imposing that sentence based on facts that defendant did not admit and that were not found by a jury, namely, that defendant had been persistently involved in similar offenses and that he was on supervision at the time of the offense. Defendant concedes that he did not advance such a challenge to the trial court, but argues that the sentence should be reviewed as plain error. The state responds that defendant admitted during his trial testimony that he had several prior convictions and that he was on supervision "his entire life."

The decision to impose a departure sentence based on a defendant's "persistent involvement in similar offenses" or the fact that defendant was on supervision at the time of the offense necessarily involves further inferences about, for example, the character of the defendant or his inability to be deterred. *State v. Allen*, 198 Or App 392, 396, 108 P3d 651 (2005), *adh'd to as clarified on recons*, 202 Or App 565, 123 P3d 331 (2005). Even assuming defendant admitted to having prior convictions for similar crimes or to being on supervision at the time of the offense, he was still entitled to have a jury determine whether those further inferences were appropriate to draw by a standard of proof beyond a reasonable doubt. *Id.* In the absence of any explicit waiver by defendant of his jury-trial right, the trial court's imposition of a

departure sentence was plain error, *see State v. Ramirez*, 205 Or App 113, 133 P3d 343 (2006), which, for the reasons discussed in *Ramirez, id.* at 125, we exercise our discretion to reach. Defendant also argues that the trial court's order denying him eligibility for sentence modification programs violated the principles articulated in *Blakely* and *Apprendi.* Our decision in *State v. Clark*, 205 Or App 338, 345-46, 134 P3d 1074 (2006), in which we rejected that argument, is controlling.

Sentences vacated; remanded for resentencing; otherwise affirmed.