Submitted on record and briefs September 7, sentences vacated; remanded for resentencing; otherwise affirmed October 11, 2006

STATE OF OREGON,
*Respondent,*

*v.*

LONNIE RAY NORD,
*Appellant.*

03CR1662; A123290

145 P3d 335

Andrew S. Chilton and Chilton, Ebbett & Rohr, LLC, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Erika L. Hadlock, Assistant Solicitor General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Armstrong and Rosenblum, Judges.

PER CURIAM

## PER CURIAM

Defendant was convicted after a jury trial of second-degree assault, ORS 163.175, fourth-degree assault, ORS 163.160, unlawful use of a weapon, ORS 166.220, resisting arrest, ORS 162.315, interference with making a report, ORS 165.572, and harassment, ORS 166.065. On the second-degree assault conviction, the trial court imposed an upward durational departure sentence of 90 months' imprisonment, based on a finding that defendant had prior assault convictions arising out of other domestic violence incidents.

On appeal, defendant raises unpreserved arguments that the court should have merged certain convictions and that the imposition of the departure sentence violated the principles articulated in *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), because it was not based on facts admitted by defendant or found by the jury. We reject without discussion defendant's assertions concerning merger of convictions.

Under our decisions in *State v. Steele*, 205 Or App 469, 134 P3d 1054 (2006), and *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), the imposition of the departure sentence constituted plain error. For the reasons set forth in *Ramirez*, we exercise our discretion to correct the error.

Sentences vacated; remanded for resentencing; otherwise affirmed.