Submitted on record and briefs September 29, sentence vacated; remanded for resentencing; otherwise affirmed November 8, 2006

STATE OF OREGON,
*Respondent,*

*v.*

CONSUELA ELLENA MUNGUIA,
*Appellant.*

02C54709; A124997

147 P3d 350

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, Legal Services Division, and Jennelle Meeks Barton, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Paul L. Smith, Assistant Attorney General, filed the brief for respondent.

Before Edmonds, Presiding Judge, and Armstrong and Wollheim, Judges.

PER CURIAM

## PER CURIAM

Following a jury trial, defendant was convicted of identity theft, ORS 165.800. The trial court imposed an upward durational departure sentence on defendant's conviction, based on its own findings that defendant had an extensive criminal history, that defendant was on probation at the time of the offense, and that prior sanctions had failed to deter her criminal behavior. The court also ordered that defendant not be considered for sentence modification programs, ORS 137.750, and ordered defendant to pay restitution.

On appeal, defendant challenges aspects of her conviction and her sentence. We reject her arguments about her conviction without discussion. With respect to the constitutionality of her departure sentence, defendant argues that, under *Blakely v. Washington*, 542 US 296, 124 S Ct 2531, 159 L Ed 2d 403 (2004), and *Apprendi v. New Jersey*, 530 US 466, 120 S Ct 2348, 147 L Ed 2d 435 (2000), the trial court erred in imposing a departure sentence based on its own findings that she had an extensive criminal background, that she was on probation at the time of the offense, and that prior sanctions had failed to deter her criminal behavior. Defendant concedes that she failed to preserve her assignments of error, but argues that the sentence should be reviewed as plain error.

During sentencing, a defendant is entitled to have a jury determine aggravating factors such as a defendant's involvement in similar offenses and whether a defendant was on probation at the time of the offense. *State v. Steele*, 205 Or App 469, 471, 134 P3d 1054 (2006) (explaining that aggravating factors such as persistent involvement in similar offenses and being on probation at the time of the offense involve inferences about a defendant's character and ability to be deterred, and a defendant is entitled to have a jury determine whether those inferences are appropriate). Because defendant did not waive her right to have a jury determine her aggravating factors, under our reasoning in *State v. Ramirez*, 205 Or App 113, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), the sentence is plainly erroneous. For

the reasons set forth in *Ramirez*, we exercise our discretion to correct the error.[1]

Sentence vacated; remanded for resentencing; otherwise affirmed.

---

[1] Because we remand the entire case for resentencing, ORS 138.222(5)(a), we need not address defendant's alternative arguments regarding her sentence.