Submitted on record and briefs December 1, 2006, reversed and remanded with instructions to enter a judgment of conviction for first-degree theft reflecting that defendant was convicted on both theories and for resentencing; otherwise affirmed February 14, 2007

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

FRANK TURNER,
aka Frank Wayne Turner,
*Defendant-Appellant.*

Multnomah County Circuit Court
030432180; A126242

153 P3d 134

Peter A. Ozanne, Executive Director, Peter Gartlan, Chief Defender, and Anne Fujita Munsey, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman and Ortega, Judges.

PER CURIAM

**PER CURIAM**

Defendant appeals from a judgment of conviction for two counts of first-degree theft, ORS 164.055, assigning error to the trial court's failure to merge the two convictions. Defendant was charged in a two-count indictment that alleged, in the first count, that he stole packaged meat from his employer and, in the second count, that he sold that meat to another store. A jury found him guilty of both counts, and the trial court entered a judgment of conviction on both counts. On appeal, defendant argues that under *State v. Cox*, 336 Or 284, 82 P3d 619 (2003), the court erred in failing to merge the convictions, because the two counts alleged separate aspects of a single offense. The state concedes that, under *Cox*, the two convictions should merge. We agree and accept the concession. Under *State v. White*, 202 Or App 1, 13, 121 P3d 3 (2005), *aff'd*, 341 Or 624, 147 P3d 313 (2006), the proper remedy under the circumstances is to remand the case for entry of a judgment reflecting a single conviction and enumerating the two alternate theories of conviction.

Reversed and remanded with instructions to enter a judgment of conviction for first-degree theft reflecting that defendant was convicted on both theories and for resentencing; otherwise affirmed.