Submitted on remand from the Oregon Supreme Court October 29, 2008, affirmed February 11, petition for review denied April 22, 2009 (346 Or 184)

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## LONNIE RAY NORD,
*Defendant-Appellant.*

Coos County Circuit Court
03CR1662; A123290

202 P3d 910

Andrew Chilton and Chilton & Galli, LLC, for appellant.

Hardy Myers, Attorney General, Mary H. Williams, Solicitor General, and Jeff J. Payne, Assistant Attorney General, for respondent.

Before Landau, Presiding Judge, and Brewer, Chief Judge, and Haselton, Judge.

BREWER, C. J.

**BREWER, C. J.**

This case is before us on remand from the Supreme Court, which vacated our prior decision, *State v. Nord*, 208 Or App 670, 145 P3d 335 (2006) (*Nord I*), in light of *State v. Ramirez*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), and *State v. Fults*, 343 Or 515, 173 P3d 822 (2007). *State v. Nord*, 345 Or 316, 195 P3d 63 (2008). In *Nord I*, we vacated defendant's sentences and remanded for resentencing because the trial court had imposed departure sentences based on judicial findings that defendant was persistently involved in similar offenses. That factfinding constituted plain error, and we exercised our discretion to correct it. The issue before us on remand is whether, in light of *Ramirez* and *Fults*, we properly exercised our discretion under *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-82, 823 P2d 956 (1991). We conclude that our exercise of discretion in *Nord I* was erroneous. Accordingly, we affirm.

Defendant was convicted of second-degree assault, unlawful use of a weapon, fourth-degree assault, resisting arrest, interfering with making a report, and harassment arising out of an altercation with his domestic partner. On the second-degree assault conviction, the trial court imposed a durational departure sentence of 90 months' imprisonment. The court explained its grounds for departure:

> "I will in this case, Mr. Nord, depart because you have two prior convictions for domestic assault against two different women and this is your third. And I will sentence you to 90 months on that for the persistent involvement, 70 months of which are to be served under Measure 11."

In *State v. Ramirez*, 205 Or App 113, 123, 133 P3d 343, *adh'd to on recons*, 207 Or App 1, 139 P3d 981 (2006), *rev'd on other grounds*, 343 Or 505, 173 P3d 817 (2007), *adh'd to as modified on recons*, 344 Or 195, 179 P3d 673 (2008), we concluded that the imposition of a departure sentence under circumstances similar to the imposition of the departure sentence in this case, that is, where the defendant stood silent during sentencing but had not explicitly waived his or her rights to a jury trial on at least one of the charged offenses, constituted

plain error. Although the Supreme Court reversed our decision in *Ramirez* on the ground that we did not properly exercise our discretion in determining whether to correct the error, the court did not disturb our conclusion that the error was plain. The state urges us to reconsider that conclusion. However, we decline to do so.

The question remains whether we should exercise our discretion to correct the error in this case. The state argues that we should decline to exercise our discretion because there is "no legitimate debate" that a jury would have found the departure factor relied upon by the trial court. *Cf. Ramirez*, 343 Or at 513 (if there is no legitimate debate about the existence of a sentence enhancement fact, the defendant's interest in a second sentencing hearing is minimal). We agree.

■ In *State v. Bray*, 342 Or 711, 724, 160 P3d 983 (2007), the Supreme Court held that " '[p]ersistent involvement in similar offenses' presents a factual issue that * * * a defendant may insist that a jury find beyond a reasonable doubt." The court explained:

> "In determining whether the record establishes '[p]ersistent involvement in similar offenses,' a sentencing court must do more than find that a defendant has two or more prior convictions for similar offenses. The trier of fact must infer from the number and frequency of those prior convictions whether the defendant's involvement in those offenses is 'persistent'; that is, the trier of fact must determine whether the defendant's involvement in similar offenses is sufficiently continuous or recurring to say that it is 'persistent.' "

*Id.* (brackets in original). As the Supreme Court explained in *Ramirez*, there is "no legitimate debate" that a jury would have found the departure factor where evidence in support of that factor was "overwhelming." 343 Or at 513-14. Thus, to establish that there is no legitimate debate that a defendant was persistently involved in similar offenses, the evidence adduced at trial and sentencing must not only establish that the defendant had two or more prior convictions, but also must support—indeed, to be "overwhelming" it must *require*—the inference that the defendant's involvement was

sufficiently continuous or recurring to say that it was "persistent."

■        On this record, we readily conclude that a jury would draw that inference. As the court noted at sentencing, defendant's prior convictions were close in time to his instant conviction. Defendant was convicted in this case in 2003. His earlier convictions for domestic assault were in 2001 and "over three years ago," according to the trial court, and, as the court pointed out, defendant did not have a significant period of time without conviction. Moreover, defendant's prior convictions were for the same crime for which he was being sentenced in this case: assault of a female domestic partner. From the foregoing it is apparent that there is no legitimate debate that the jury would have found defendant, by virtue of the number and frequency of his prior convictions, to have been persistently involved in similar offenses. Accordingly, we affirm.

Affirmed.