Submitted December 4, 2009, reversed and remanded for entry of a judgment reflecting a single conviction for theft in the first degree and enumerating the two alternate theories of conviction, and for resentencing March 3, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

MICHAEL CARL BERGMAN,
*Defendant-Appellant.*

Marion County Circuit Court
08C40721; A139018

227 P3d 817

Peter Gartlan, Chief Defender, and Ernest G. Lannet, Senior Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Jennifer S. Lloyd, Attorney-in-Charge, Criminal Appeals, filed the brief for respondent.

Before Landau, Presiding Judge, and Schuman, Judge, and Ortega, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals a judgment of conviction for two counts of theft in the first degree, one for stealing property valued at more than $750, ORS 164.055(1)(a),[1] and the other for selling that same property, ORS 164.055(1)(c). Citing *State v. Turner*, 211 Or App 96, 153 P3d 134 (2007), he argues that the trial court erred in failing to merge the two convictions because evidence that he stole and then sold the same property supports only one theft conviction. He acknowledges that he failed to preserve the argument that he now raises on appeal, but urges this court to exercise its discretion to review the issue as "plain error." *See* ORAP 5.45(1); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (providing that an error qualifies as "plain error" if (1) it is an error of law; (2) the legal point is not reasonably in dispute; and (3) the error is apparent on the face of the record). The state concedes that the trial court plainly erred in entering two convictions for first-degree theft relating to the same property and agrees with defendant that this court should exercise its discretion to correct that error.

We agree with the parties that the trial court plainly erred in failing to merge defendant's two first-degree theft convictions. *See Turner*, 211 Or App at 97 (accepting the state's concession that the trial court erred in failing to merge convictions, one of which was based on the defendant's stealing of property and the other of which was based on the defendant's selling of that same property). Further, we agree that it is appropriate to exercise our discretion to correct the error. *See State v. Camacho-Alvarez*, 225 Or App 215, 216, 200 P3d 613 (2009) ("[I]n the past, we have held that 'failure to merge' errors are apparent on the face of the record and have chosen to exercise our discretion to review and correct those errors under ORAP 5.45.").

Reversed and remanded for entry of a judgment reflecting a single conviction for theft in the first degree and enumerating the two alternate theories of conviction, and for resentencing.

---

[1] The 2009 legislature amended the dollar amount for first-degree theft to $1,000, Or Laws 2009, ch 610, § 6, effective after defendant was charged.