Submitted May 7, convictions on Counts 1 and 2 reversed and remanded with instructions to enter a judgment of conviction for one count of first-degree theft reflecting that defendant was found guilty on both theories and for resentencing; otherwise affirmed June 9, 2010

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

LEROY PAUL ARTHUR EILERS,
*Defendant-Appellant.*

Linn County Circuit Court
08030474; A141179

232 P3d 997

Peter Gartlan, Chief Defender, and Kenneth A. Kreuscher, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Laura S. Anderson, Senior Assistant Attorney General, filed the brief for respondent.

Before Haselton, Presiding Judge, and Brewer, Chief Judge, and Armstrong, Judge.

PER CURIAM

## PER CURIAM

Defendant appeals from a judgment of conviction for two counts of first-degree theft, ORS 164.055. In his first assignment of error on appeal, defendant contends that the trial court erred in failing to merge those two convictions. In his second assignment of error, he contends that the trial court erred by instructing the jury that it could reach a non-unanimous verdict. Finally, in his third and fourth assignments of error, defendant contends that the trial court erred in accepting the jury's nonunanimous verdict as to each count. We reject defendant's second, third, and fourth assignments without discussion. We write only to address his first assignment of error concerning the merger of his convictions.

Defendant was charged in a two-count indictment. The first count alleged that defendant stole stainless steel boxes, and the second count alleged that he then sold those boxes. A jury found defendant guilty of both counts. Despite defendant's request that the trial court merge the convictions, the court entered a judgment of conviction on both counts.

On appeal, defendant contends that, under *State v. Cox*, 336 Or 284, 82 P3d 619 (2003), the trial court erred in failing to merge the two convictions because the two counts alleged only a "single theft." The state concedes that the trial court erred in failing to merge the convictions because, under *Cox*, "defendant's alternate forms of depriving the victim identified in the indictment * * * of the same property does not transform that single act of theft into multiple convictions." We agree and accept the concession. *See also State v. Turner*, 211 Or App 96, 97, 153 P3d 134 (2007) (holding that convictions for two counts of first-degree theft based on stealing packaged meat and then selling it merged).

Convictions on Counts 1 and 2 reversed and remanded with instructions to enter a judgment of conviction for one count of first-degree theft reflecting that defendant was found guilty on both theories and for resentencing; otherwise affirmed.