243 P.3d 149 (2010)
239 Or. App. 44
STATE of Oregon, Plaintiff-Respondent,
v.
Norma Clara GUARDIPEE, Defendant-Appellant.
080545973; A140324.
Court of Appeals of Oregon.
Submitted October 29, 2010.
Decided November 24, 2010.
Peter Gartlan, Chief Defender, and Erik Blumenthal, Deputy Public Defender, Office *150 of Public Defense Services, filed the brief for appellant.
John R. Kroger, Attorney General, Jerome Lidz, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.
Before HASELTON, Presiding Judge, and BREWER, Chief Judge, and ARMSTRONG, Judge.
HASELTON, P.J.
Defendant, who was convicted on charges of driving under the influence of intoxicants (DUII), ORS 813.010, and failure to appear on a criminal citation, ORS 133.076, appeals. She assigns error to (1) the trial court's failure to give a requested jury instruction defining "driving" and (2) the admission of defendant's bench warrant as substantive evidence with respect to the failure to appear charge. Specifically, with respect to the latter, defendant contends that the bench warrant was not admissible under the "public records" exception to the hearsay rule, OEC 803(8),[1] and that its admission violated defendant's right of confrontation under the Sixth Amendment to the United States Constitution.[2] We affirm.
With respect to the first assignment of error, defendant requested that the court give the following "special jury instruction":
"DEFINITION
"DrivingSteering, or otherwise controlling the direction, of a motor vehicle that is in motion."
(Boldface in original.) The state objected to that proposed instruction, and the court ultimately declined to give the instruction. Before the jury was instructed, defendant "excepted" to that failure. However, defense counsel took no exception after the jury was instructed.
ORCP 59 H(1) provides, in pertinent part:
"A party may not obtain review on appeal of an asserted error by a trial court in * * * giving or refusing to give an instruction to a jury unless the party who seeks to appeal identified the asserted error to the trial court and made a notation of exception immediately after the court instructed the jury."
(Emphasis added.)[3] The emphasized language is explicit and unambiguous. Because defense counsel failed to make "a notation of exception immediately after the court instructed the jury," the matter was not preserved for our review. See, e.g., Cestaro v. State of Oregon, 229 Or.App. 8, 14, 209 P.3d 851 (2009) ("ORCP 59 H is very clear in its requirement that, for this court to review on appeal any asserted error in a jury instruction, the party asserting the error must have taken exception to the instruction, either orally or in writing, immediately after the jury was instructed." (Emphasis in original.)).
Defendant asserts that, notwithstanding the strictures of ORCP 59 H, the purported error in this case is nevertheless reviewable as "an error of law apparent on the face of the record." ORAP 5.45(1). To be sure, ORCP 59 H does not, by its terms, completely preclude all plain error-based review of purported instructional error. See, e.g., State v. Toth, 213 Or.App. 505, 509-10, 162 P.3d 317 (2007); State v. Pervish, 202 Or.App. 442, 123 P.3d 285 (2005), rev. den., 340 Or. 308, 132 P.3d 28 (2006). However, the exceptions to the broad preclusive sweep of ORCP 59 H are narrowly circumstantially circumscribed. Id. This case does not present such a circumstance.
Toth is illustrative. There, the defendant, for the first time on appeal, "challenge[d] the *151 legal sufficiency of one of the jury instructions pertaining to the finding of persistent involvement." 213 Or.App. at 507, 162 P.3d 317. The defendant acknowledged that that challenge had not been raised before the trial court but contended, over the state's invocation of the strictures of ORCP 59 H, that the matter was nevertheless subject to review as "plain error." Id. at 508-09, 162 P.3d 317. We concluded that: (1) in the peculiar circumstances of that case, ORCP 59 H did not preclude "plain error" review, id. at 509-10, 162 P.3d 317; but (2) the purported error did not satisfy the requisites of such review, id. at 510-14, 162 P.3d 317. With respect to the former conclusion, we explained:
"On its face, the rule appears to apply when a party asserts for the first time on appeal that a trial court erred in `giving or refusing to give' an instruction. It thus would bar review of an unpreserved objection regarding an instruction in two possible situationsfirst, when the court delivered an instruction that a party later contends was erroneous; and second, when the court refused to deliver an instruction that a party requested. By its terms, the rule does not appear to apply when the asserted error is that the trial court failed to deliver an instruction that was not requested but that a party later contends was required by law.
"Consistent with what the bare wording of the rule suggests, our cases have held that ORCP 59 H does not preclude review of a trial court's failure to deliver an instruction that was not requested but that the law nevertheless requires. [Citing Pervish] * * *
"* * * [The defendant] argues in this case that, although the instructions that the trial court delivered to the jury were correct as far as they went, they were incomplete in that they failed to refine the meaning of `persistent involvement' by explaining that the jury was required to make subsidiary findings. As in Pervish, we are not precluded from reviewing that contention by ORCP 59 H."
Id. at 509-10, 162 P.3d 317 (emphasis in original).
This case does not fall within the limited exception identified in Toth. Rather, consistently with Toth, ORCP 59 H bars appellate review, precluding "plain error" review, "when the court refused to deliver an instruction that a party requested." Toth, 213 Or.App. at 509, 162 P.3d 317. That is the circumstance here. Accordingly, the asserted error is unreviewable.
In her second assignment of error, defendant challenges the trial court's admission of a bench warrant as substantive evidence of her alleged failure to appear. Defendant's arguments in that regard are materially indistinguishable from those that we recently addressed in State v. Carter, 238 Or.App. 417, 241 P.3d 1205 (2010), and we reject them for the reasons expressed in Carter.
Affirmed.
NOTES
[1] As pertinent here, OEC 803 provides, in part:

"The following are not excluded by ORS 40.455, even though the declarant is available as a witness:
"* * * * *
"(8) Records, reports, statements or data compilations, in any form, of public offices or agencies, including federally recognized American Indian tribal governments, setting forth:
"(a) The activities of the office or agency[.]"
[2] The Sixth Amendment provides, in pertinent part, "In all criminal prosecutions, the accused shall enjoy the right * * * to be confronted with the witnesses against him."
[3] ORCP 59 H applies to criminal trials. ORS 136.330(2).