Submitted December 21, 2011, affirmed March 28, petition for review denied September 13, 2012 (352 Or 377)

STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

ANNA ELIZABETH ALONZO,
*Defendant-Appellant.*

Multnomah County Circuit Court
080833577; A143248

274 P3d 889

Peter Gartlan, Chief Defender, Office of Public Defense Services, and Louis R. Miles, Deputy Public Defender, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Tiffany Keast, Assistant Attorney General, filed the brief for respondent.

Before Schuman, Presiding Judge, and Wollheim, Judge, and Nakamoto, Judge.

NAKAMOTO, J.

### NAKAMOTO, J.

Defendant appeals her convictions for unauthorized use of a vehicle, ORS 164.135, trafficking in stolen vehicles, ORS 819.310, two counts of first-degree theft, ORS 164.055, first-degree forgery, ORS 165.013, possession of a stolen vehicle, ORS 819.300, and first-degree criminal mischief, ORS 164.365. She assigns error to the trial court's instruction to the jury that one who aids or abets another in committing a crime is criminally responsible for any acts or other crimes that were committed "as a natural and probable consequence of the planning, preparation, or commission of the intended crime." Because the claim of error was not preserved for our review as required by ORCP 59 H, we affirm.

Defendant concedes that she did not object to or except to the "natural and probable consequences" instruction the trial court delivered, but, in light of *State v. Lopez-Minjarez*, 350 Or 576, 260 P3d 439 (2011), argues that the instruction provided an incorrect statement of the law and requests that we review the claim of error as plain error. *See* ORAP 5.45(1) ("No matter claimed as error will be considered on appeal unless the claim of error was preserved in the lower court and is assigned as error * * *, provided that the appellate court may consider an error of law apparent on the record."); *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 381-83, 823 P2d 956 (1991) (discussing the court's discretion to reach plain error); *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990) (describing the factors that appellate courts consider to review plain error). Before reaching the plain error analysis, we must determine whether defendant complied with ORCP 59 H(1), which applies to criminal trials through ORS 136.330(2). Rule 59 H(1) provides, in part:

> "A party may not obtain review on appeal of an asserted error by a trial court * * * in giving or refusing to give an instruction to a jury unless the party who seeks to appeal identified the asserted error to the trial court and made a notation of exception immediately after the court instructed the jury."

The rule requires the party asserting an error to make an exception immediately after the court instructs the jury. Failure to except to a jury instruction bars appellate review of an

unpreserved objection in two situations: (1) when the trial court delivers an instruction that a party later contends was erroneous; and (2) when the trial court refuses to deliver an instruction that a party requested. *State v. Guardipee*, 239 Or App 44, 48, 243 P3d 149 (2010); *State v. Toth*, 213 Or App 505, 509, 162 P3d 317 (2007).

Thus, notwithstanding ORAP 5.45(1), which gives appellate courts discretion to consider an unpreserved error, ORCP 59 H precludes error in those two circumstances. In *Guardipee*, the case fell within the second situation identified by ORCP 59 H—when the trial court refused to deliver an instruction that the defendant had requested. This court held that ORCP 59 H barred appellate review, precluding plain error review. 239 Or App at 48. Here, the case falls under the first situation—the trial court delivered an instruction that defendant now contends was erroneous, but defendant did not except to it. Thus, although neither party addresses ORCP 59 H(1), we determine that it applies and that defendant's assignment of error is unreviewable. *See State v. Phillips*, 242 Or App 253, 258-59, 255 P3d 587 (2011), *rev allowed*, 351 Or 586 (2012) (unpreserved challenge to accomplice liability instruction not subject to plain error review where the defendant did not except to the giving of that instruction).

Affirmed.