## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## DANIEL ZACHARY HARPER,
*Defendant-Appellant.*

Josephine County Circuit Court
08CR0663, 09CR0693;
A145527 (Control), A145528

283 P3d 408

Garrett A. Richardson and Multnomah Defenders, Inc., filed the opening brief for appellant. Daniel Zachary Harper filed the supplemental brief *pro se.*

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Greg Rios, Assistant Attorney General, filed the brief for respondent.

Before Brewer, Presiding Judge, and Haselton, Chief Judge.

BREWER, P. J.

**BREWER, P. J.**

Making multiple assignments of error, defendant appeals from judgments of conviction and sentences for first-degree robbery (ORS 164.415), first-degree burglary (ORS 164.225), second-degree assault (ORS 163.175), first-degree theft (ORS 164.055), identity theft (ORS 165.800), and second-degree criminal mischief (ORS 164.354) in Case Number 08CR0663, as well as first-degree burglary (ORS 164.225), second-degree burglary (ORS 164.215), first-degree theft (ORS 164.055), and first-degree criminal mischief (ORS 164.365) in Case Number 09CR0693. We write briefly only to address his assertions of instructional and sentencing error.

The two cases were tried concurrently to a jury. As pertinent to Case Number 08CR0663, the state presented evidence, including defendant's admissions, that defendant had aided and abetted an accomplice in committing several violent crimes against the victim, C. The trial court instructed the jury that

> "[a] person who aids or abets another in committing a crime, in addition to being criminally responsible for the crime that is committed, is also criminally responsible for any act or other crimes that were committed as a natural and probable consequence of the planning, preparation, or commission of the intended crime."

On appeal, defendant contends that the trial court committed plain error by giving that instruction on the ground that it allowed the jury to convict him of the crimes charged without finding that he separately intended to commit each of those crimes. Defendant concedes that he did not object to or except to the challenged instruction, but, in light of *State v. Lopez-Minjarez*, 350 Or 576, 260 P3d 439 (2011), he argues that the instruction provided an incorrect statement of the law and requests that we review the claim of error as plain error. For the reasons explained in our decision in *State v. Alonzo*, 249 Or App 149, 274 P3d 889 (2012), we conclude that defendant's unpreserved challenge based on *Lopez-Minjarez* is unreviewable under ORCP 59 H(1).

In Case Number 09CR0693, defendant argues that the trial court erred when it failed to merge his convictions for first-degree theft in Counts 3 and 4 of the indictment.

Count 3 alleged that defendant "did unlawfully and intentionally commit theft of copper, of the value of $750 or more, the property of Walter Freeman[.]" Count 4 alleged that defendant "did unlawfully and intentionally commit theft of copper, the property of Walter Freeman by selling the property, defendant knowing that the property was the subject of theft." At sentencing, defendant argued that the two theft convictions should be merged. The trial court declined to merge the convictions on the ground that there were different victims in each count, namely, Freeman and the buyer to whom defendant sold Freeman's property. On appeal, the state concedes that the trial court erred in that regard. We conclude that the concession is well taken.

Freeman testified at trial that he owned several transformers. In 2008, he discovered that material had been removed from the transformers. Freeman then went to a Schnitzer Steel scrap metal facility, where he found the missing material. A Schnitzer Steel manager testified that defendant twice sold copper to Schnitzer Steel in 2008. Schnitzer Steel paid defendant more than $1,000 for each transaction.

Because the two first-degree theft counts brought against defendant for taking the copper and selling it constituted two theories of theft of the same property from a single victim, Freeman, the trial court erred in failing to merge those counts into a single conviction. *See State v. Cox*, 336 Or 284, 292, 82 P3d 619 (2003) (holding that ORS 164.015 (the theft statute) consolidated "the various forms of unlawful property deprivation into a single offense of theft that does not depend on the relationship between the thief and the owner, the type of property, or the manner of deprivation"); *State v. Eilers*, 235 Or App 566, 232 P3d 997 (2010) (remanding with instructions to enter a judgment of conviction for one count of first-degree theft reflecting alternate theories of conviction where a jury found the defendant guilty of both stealing and selling a victim's property); *State v. Bergman*, 234 Or App 212, 227 P3d 817 (2010) (remanding for entry of a judgment reflecting a single conviction for theft and enumerating two alternate theories for conviction where the defendant was convicted of stealing

property and selling it); *State v. Turner*, 211 Or App 96, 97, 153 P3d 134 (2007) (trial court erred by failing to merge two counts of first-degree theft where one count alleged that defendant "stole packaged meat from his employer" and the other count alleged that defendant "sold that meat to another store").

In Case Number 08CR0663, affirmed; in Case Number 09CR0693, reversed and remanded for merger of convictions for first-degree theft on Counts 3 and 4 into a single conviction for first-degree theft reflecting that defendant was found guilty on both theories, and for resentencing; otherwise affirmed.