Argued and submitted March 30, affirmed December 21, 2005

# STATE OF OREGON,
## *Appellant,*

*v.*

# WILLIAM GORDON WIDEMAN,
## *Respondent.*

## CR0200958; A121805

124 P3d 1271

Joanna L. Jenkins, Assistant Attorney General, argued the cause for appellant. With her on the brief were Hardy Myers, Attorney General, and Mary H. Williams, Solicitor General.

Jamesa J. Drake, Deputy Public Defender, argued the cause for respondent. With her on the brief were Peter A. Ozanne, Executive Director, and Peter Gartlan, Chief Defender, Office of Public Defense Services.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Breithaupt, Judge pro tempore.

WOLLHEIM, J.

**WOLLHEIM, J.**

The state appeals from an order granting defendant's motion to dismiss pursuant to ORS 135.765. That statute authorizes a trial court to dismiss a case if the state fails to bring an incarcerated defendant to trial within 90 days, unless the court finds good cause to continue the case. We affirm.

Defendant was indicted for possession of a controlled substance in Clackamas County in July 2002. On November 20, 2002, he failed to appear for his trial because he was incarcerated at the Snake River Correctional Institution (SRCI) serving a sentence on an unrelated conviction. On February 21, 2003, the district attorney received a notice from defendant requesting a trial pursuant to ORS 135.760.[1] ORS 135.763 requires a defendant who makes such a request to be brought to trial within 90 days of receipt of such notice, with certain exceptions.[2] In this case, the 90-day period ended on May 21, 2003. In March, the district attorney arranged for the transport of defendant from SRCI to Clackamas County for a pretrial hearing, where a trial date of May 7, 2003, was set. On April 21, 2003, defendant's attorney sent an e-mail message to the prosecutor who was handling defendant's case. The e-mail message stated,

"Any objection to a continuance on *State v. Wideman* set for trial on May 7? I will be speaking at a conference in Seattle

---

[1] ORS 135.760 provides, in part:

"(1) Any inmate in the custody of the Department of Corrections * * * against whom there is pending at the time of commitment or against whom there is filed at any time during imprisonment, in any court of this state, an indictment, information or criminal complaint charging the inmate with the commission of a crime, may give written notice to the district attorney of the county in which the inmate is so charged requesting the district attorney to prosecute and bring the inmate to trial on the charge forthwith."

[2] ORS 135.763 provides:

"(1) The district attorney, after receiving a notice requesting trial under ORS 135.760, shall, within 90 days of receipt of the notice, bring the inmate to trial upon the pending charge.

"(2) The court shall grant any reasonable continuance with the consent of the defendant. Notwithstanding the defendant's lack of consent, the court may grant a continuance on motion of the district attorney or on its own motion, for good cause shown. The fact of imprisonment is not good cause for the purposes of this subsection."

that day. I spoke with [defendant] and he agrees to a continuance until the week of May 19 and waives his speedy trial rights."

The prosecutor responded by e-mail, stating, "No problem[.]" Defendant's attorney then filed a motion to continue the trial. In an affidavit attached to the motion, defendant's attorney stated,

"I have spoken with my client about the scheduling conflict and he agrees to a continuance of the trial to the week of May 19, 2003, and waives his speedy trial rights in order to accomplish this continuance."

On May 1, defendant decided to plead guilty and requested that the court set the case for a plea. The plea hearing was set for May 12. The state neglected to file a transport order and, as a result, defendant was not present at the scheduled hearing. The trial court reset the hearing for May 21, 2003. The state waited until May 15 to file a transport order, missing the deadline for the Clackamas County Sheriff's Department to transport defendant to court in time for the May 21 hearing. At the May 21 hearing, defendant's attorney moved to dismiss the case on the ground that defendant's speedy trial rights had been violated.[3] The state opposed the motion, arguing that ORS 135.760 no longer applied because defendant was no longer seeking a trial, but to enter a guilty plea, and that the statute only applied to persons in prison "seeking a trial." Therefore, the state reasoned, by changing to a plea, defendant had waived his rights under the statute. The state also argued that there had not been enough time to file a transport order. The trial court took the

---

[3] ORS 135.765 provides, in part:

"(1) On motion of the defendant or the counsel of the defendant, or on its own motion, the court shall dismiss any criminal proceeding not brought to trial in accordance with ORS 135.763.

"(2) This section shall not apply:

"(a) When failure to bring the inmate to trial within 90 days after the district attorney receives notice under ORS 135.760 was the result of motions filed on behalf of the inmate, or of a grant by the court of a continuance on motion of the district attorney or on its own motion, for good cause shown; or

"(b) When the inmate is unavailable for trial, other than by imprisonment, or because of other pending criminal proceedings against the inmate."

issue under advisement and issued a letter opinion later the same day, finding that,

> "[a]fter reviewing the law pertaining to the defendant's speedy trial rights, I conclude there is no legal support for the proposition that a plea setting tolls the 90-day trial deadline. Quite the contrary. ORS 135.765 allows for a tolling of the 90-day period only when continuance is requested by the defendants or the State for good cause shown, or when the inmate is unavailable for trial. Based on the facts as I have them, none of these provisions apply here. The case is dismissed with prejudice."

The trial court also entered an order dismissing the case with prejudice. On June 2, 2003, the trial court held another hearing on the issue. The state reiterated its argument that there was no right to a "speedy plea." The state argued in the alternative that there was "no possible way" to have transported the defendant in time for the May 21 hearing and therefore there was "good cause" to grant a continuance. In support of that argument, the state asserted that the e-mail message and affidavit in which defendant stated that he "waived his speedy trial rights" had made it difficult for the state to determine the correct trial dates. Defendant argued that the speedy trial statute did apply to pleas and that, regarding the good cause issue, the state had known about the 90-day limitation since February and had twice failed to bring defendant to court when it had adequate notice as to the trial dates. The trial court agreed with defendant and declined to reverse its earlier order dismissing the case.

■     On appeal, the state argues that the trial court erred in granting defendant's motion to dismiss under ORS 135.765. The state argues that defendant "expressly" waived his rights to a speedy trial in the e-mail message and in the affidavit attached to the motion for a continuance, and that his conduct constituted a waiver because he "derailed" the process when he "kept changing the court dates." The state also argues that defendant consented to the delay when he requested the continuance. Neither argument is preserved.

■     Generally, an issue not preserved in the trial court will not be considered on appeal. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991). "[A] party must

provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Preservation rules are intended to advance goals such as ensuring that the position of a party is presented clearly to the trial court and that parties are not taken by surprise, misled, or denied opportunities to meet an argument. *Davis v. O'Brien*, 320 Or 729, 737, 891 P2d 1307 (1995). In addition, "[a] party should not be heard to argue that a trial court committed reversible error because it did not rule in that party's favor on a ground never presented to it." *State v. Martin*, 135 Or App 119, 124, 897 P2d 1187 (1995).

Here, the state argued to the trial court that ORS 135.763 did not apply to this case because defendant had decided to plead guilty rather than have a jury trial. Though the state referred to the e-mail message and affidavit in support of its good cause argument, it did not argue, as it does here, that defendant expressly waived his speedy trial rights or consented to the delay. That the state's argument was not squarely presented to the trial court is made clear in the trial court's letter opinion, in which it addressed only whether ORS 135.765 applies to a plea hearing and whether there was good cause to continue the trial. We therefore decline to address the arguments that the state makes for the first time on appeal.

■■ The state next assigns error to the trial court's denial of its motion to continue the trial. We review a trial court's decision denying a motion to continue under ORS 135.763(2) for abuse of discretion. *State v. Guest*, 103 Or App 594, 598, 798 P2d 708 (1990), *rev den*, 311 Or 187 (1991).

The state asserts that it made more than a sufficient showing of good cause, and alleges that the failure to transport defendant for either the May 12 or May 21 hearings was the result of defendant's conduct. It states that, although it is unclear why no transport order was issued for the May 12 hearing, "one explanation" might be that the state was given short notice of the hearing, because the prosecutor handling the case did not learn of the hearing until May 6. It also

argues that the inability of the sheriff's office to transport defendant in time for the May 21 hearing constituted good cause. The state argues that it took reasonable measures to have defendant transported for the May 21 hearing, but that the prosecutor was unaware that the sheriff's office only transported defendants from SRCI once a week. The state argues that defendant "intervened and rearranged the scheduling of the case" and had, in any case, waived his speedy trial rights, and that he should not be allowed to take advantage of a "bureaucratic error."

■ "It is the responsibility of the state, not the court or the defendant, to bring a case to trial within the statutory time." *Guest*, 103 Or App at 598. Although the state attempts to shift blame onto defendant for changing his mind and asking for a plea, the state was aware of both dates in time to file the transport orders. On May 1, the trial court set the plea hearing for May 12. The prosecutor did not learn of the setting until May 6, but it was not defendant's responsibility to make sure that the state knew when the hearings were set or about the sheriff's transport rules. May 6, 2003, was a Tuesday, giving the state two days to file a transport order in time for the sheriff to transport defendant on Thursday, May 8, in time for the May 12 hearing. In any case, the state failed to file any transport order at all. Because of the state's error, the trial court reset the plea hearing for May 21, 2003. The prosecutor was present at the hearing and was aware of the new date, but waited three days—until May 15—to file a transport order, and missed the sheriff's deadline. Again, this error cannot be imputed to defendant. Therefore, although the trial court twice set the plea hearing within the 90-day period, the state failed to secure defendant's presence. The trial court found that there was no reasonable justification for the state's failure to transport defendant. We decline to disturb that finding.

Affirmed.