Argued and submitted February 21 at St. Mary's Academy, Portland;
affirmed March 26, 2008

Ann PEITSCH
and Ralph Peitsch,
*Plaintiffs-Appellants,*

*v.*

Russell J. KEIZER, M.D.,
*Defendant,*

*and*

COLUMBIA MEMORIAL HOSPITAL
and Claude Behrens, P.T.,
*Defendants-Respondents.*

Clatsop County Circuit Court
042260; A132583

180 P3d 1239

Jonathan D. Hess argued the cause for appellants. On the briefs were Vance D. Day and Adams, Day & Hill, and Michael Autio and Law Offices of Michael Autio, LLC.

Lindsey H. Hughes argued the cause for respondents. With her on the brief was Keating Jones Hughes, P. C.

Before Haselton, Presiding Judge, and Rosenblum, Judge, and Nelson, Judge pro tempore.

PER CURIAM

**PER CURIAM**

Plaintiffs appeal from a judgment, following an adverse jury verdict, in a malpractice action. They assign error both to the trial court's failure to give their requested jury instruction on causation and to the instruction on causation that the court did give. We conclude that neither of those claims of error was preserved for our review, as prescribed by ORCP 59 H. Accordingly, we affirm.

A description of the parties' dispute—and, indeed, of the substance of the disputed jury instructions—is immaterial to our disposition on grounds of lack of preservation. ORCP 59 H provides:

"(1) A party may not obtain review on appeal of an asserted error by a trial court in submitting or refusing to submit a statement of issues to a jury pursuant to subsection C(2) of this rule or in giving or refusing to give an instruction to a jury unless the party who seeks to appeal identified the asserted error to the trial court and made a notation of exception immediately after the court instructed the jury.

"(2) A party shall state with particularity any point of exception to the trial judge. A party shall make a notation of exception either orally on the record or in a writing filed with the court."

With respect to the court's failure to give plaintiffs' proposed instruction on causation, that claim of error is unpreserved because plaintiffs raised no exception to the court's action in that regard. *See* ORCP 59 H(1) (party who seeks appellate review "of an asserted error by a trial court in * * * refusing to give an instruction to a jury" must, *inter alia*, make "a notation of exception immediately after the court instructed the jury").[1]

With respect to the instruction on causation that the court did give, plaintiffs' counsel participated, at the trial

---

[1] Under prior Oregon practice, before ORCP 59 H was amended in 2004, the failure to give a proposed jury instruction was deemed to automatically import an exception to that failure. *See, e.g.*, *Beall Transport Equipment Co. v. Southern Pacific*, 335 Or 130, 137-38, 60 P3d 530 (2002) (quoting and applying prior version of ORCP 59 H). The trial in this case occurred in April and May 2006.

court's invitation, with defense counsel in crafting that instruction and then proffered that instruction to the court without expressing any reservation or objection until after the jury had been fully instructed and had commenced its deliberations. Further, the exception that plaintiffs' counsel did raise at that time did not cogently present for the trial court's consideration the alleged deficiencies in that instruction that plaintiffs urge on appeal. *See* ORCP 59 H(2) ("A party shall state with particularity any point of exception to the trial judge.").

Affirmed.