Argued and submitted June 26, 2008, affirmed February 25, 2009

Boyd WILSON,
*Plaintiff-Appellant,*

*v.*

WALLUSKI WESTERN LTD.
and Versa Corporation,
*Defendants-Respondents.*

Clatsop County Circuit Court
052427; A135805

203 P3d 284

Barbara J. Diamond argued the cause for appellant. With her on the briefs was Smith, Diamond & Olney.

Margaret H. Leek Leiberan argued the cause for respondents. With her on the brief was Jensen & Leiberan.

Before Haselton, Presiding Judge, and Armstrong, Judge, and Rosenblum, Judge.

HASELTON, P. J.

## HASELTON, P. J.

Plaintiff appeals, after a jury found in favor of defendants, plaintiff's employers, in an action that included a claim for disability discrimination under the Americans with Disabilities Act (ADA), 42 USC sections 12101 to 12213. Plaintiff contends that the trial court erred when it instructed the jury that, even if plaintiff proved that discrimination was a "motivating factor" in defendants' decision to discharge him, defendants could nevertheless prevail if they proved that they would have made the same decision even without any improper motivation—that is, that they would have fired him anyway. Plaintiff asserts, particularly, that the instruction was erroneously overbroad or incomplete because it failed to inform the jury that, even if defendants proved that they would have made the "same decision anyway," that would not absolve them from *all* liability under the ADA—but, instead, would merely preclude plaintiff from recovering certain relief (*e.g.*, money damages) on his ADA claim. We conclude that plaintiff failed to preserve that contention before the trial court. *See State v. Wyatt*, 331 Or 335, 15 P3d 22 (2000). Accordingly, we affirm.

The following material circumstances are, for purposes of our review, undisputed. Beginning in January 2002, plaintiff was an employee of Versa Corporation, an Astoria-based company that sells silage bagging systems and associated equipment produced by Walluski Western Ltd., another Astoria-based corporation.[1] On April 6, 2004, plaintiff was involved in a serious accident outside of work that left him disabled.[2] Following an unpaid medical leave, plaintiff

---

[1] Defendants denied throughout the litigation that plaintiff was ever employed by Walluski Western Ltd. However, the parties stipulated that Walluski and Versa were joint employers under the ADA.

[2] Plaintiff's accident resulted in severe head injuries, a broken arm, and the loss of his left leg below the knee. At trial, the parties stipulated to the following facts:

"(1) at all material times since his accident on April 6th, 2004, Plaintiff Boyd Wilson was and is a qualified individual with a disability under [the] Americans with Disabilities Act; (2) that at all material times herein Plaintiff could both perform the essential duties of his job with or without reasonable accommodation within the meaning of the Americans with Disabilities Act, and (3) Walluski Western and Versa are joint employers under the Americans with Disabilities Act."

returned to work until he was terminated on November 5, 2004.

Plaintiff brought this action on December 8, 2005, asserting claims for common-law wrongful discharge and violations of both the Family Medical Leave Act, 29 USC sections 2601 to 2654, and the ADA. Following several motions for partial summary judgment, only plaintiff's ADA claim remained for the jury's consideration. Plaintiff alleged that his disability was a motivating factor in defendants' decision to fire him and that any legitimate reasons for termination offered by defendants were pretextual. Defendants denied any discriminatory motive and further asserted that plaintiff was terminated "due to deficiencies with his performance that had nothing to do with his disability."

On the day before trial, the parties submitted proposed jury instructions to the court. At that time, plaintiff requested that the court give the following instruction, in part, regarding the causation element of plaintiff's ADA claim:

> "To establish a claim of disability discrimination under the ADA based upon protected class status, the plaintiff must prove the following elements by a preponderance of the evidence:
>
> "* * * * *
>
> "3.  *the plaintiff's disability was a motivating factor in the decision to fire the plaintiff. It is not necessary for the plaintiff to prove that the plaintiff's disability was the sole or exclusive reason for the defendant's decision.*"

(Emphasis added.) The proposed instruction cited, as supporting authority, Ninth Circuit Model Civil Jury Instruction 15.2 (2001), and the requested language paralleled that of the model instruction.[3]

---

[3] Ninth Circuit Model Civil Jury Instruction 15.2 (2001) ("Elements of ADA Employment Action") provides, in relevant part, that plaintiff must prove:

"3. [the plaintiff's disability was a motivating factor in the decision [to fire] [not to hire] [not to promote] [to demote] [*state other action*] the plaintiff. It is not necessary for the plaintiff to prove that the plaintiff's disability was the sole or exclusive reason for the defendant's decision.]"

(Brackets and emphasis in original.)

Defendants' proposed jury instruction on causation was not dissimilar from plaintiff's requested instruction. It stated that plaintiff was required to prove:

"3.   That Plaintiff's request for reasonable accommodation of his disability was a motivating factor in the adverse employment action taken by Defendants[.]"

However, unlike plaintiff's proposed instruction, defendants' instruction did not include the statement that plaintiff need not show that his disability was the "sole or exclusive" factor in the defendants' decision to discharge. Neither of the proposed instructions on causation referred to the "same decision anyway" defense.

On the eve of trial, plaintiff and defendants also submitted trial memoranda, briefing the court on their respective positions as to the legal standards applicable to plaintiff's ADA claim and evidence to be presented at trial. Neither trial memorandum addressed the applicability and potential scope of the "same decision anyway" defense in this action.

Ultimately the trial court did not give either plaintiff's or defendants' requested jury instruction on the causation element of an ADA claim. Instead, the court crafted and gave the following instruction:

"In order to establish a claim under the ADA, the Plaintiff must prove the following elements by a preponderance of the evidence: * * *

"* * * * *

"* * * [T]hird, the Plaintiff's disability was a motivating factor in the Defendants' decision to fire Plaintiff.

"If you find Plaintiff has established the third element by a preponderance of the evidence, your verdict should be for Plaintiff. *If on the other hand you find Plaintiff has failed to establish his disability was a motivating factor in his termination from employment by a preponderance of the evidence, or Defendants have established by a preponderance of the evidence that the Defendants would have made the same decision even if Plaintiff's disability was a motivating factor in Defendants' decision to discharge Plaintiff, then your verdict should be for the Defendants.*"

(Emphasis added.) Although it is not clear from the record, it appears that the trial court may have drawn the language for that instruction from an updated and revised version of the Ninth Circuit Model Civil Jury Instructions that was published during the trial.[4]

The jury returned a defense verdict based on the following special verdict responses:

**"QUESTION 1:**

"Did defendants terminate plaintiff's employment because of a disability?

"ANSWER: _____ Yes __X__ No

**"QUESTION 2:**

"Did defendants terminate plaintiff's employment because plaintiff requested reasonable accommodation of his disability?

"ANSWER: _____ Yes __X__ No

**"If you answered 'No' to questions 1 and 2, stop here. Your verdict is for the defendants."**

(Boldface in original.) The trial court entered a general judgment in favor of defendants, consistent with the jury's verdict, on May 16, 2007.

---

[4] Ninth Circuit Model Civil Jury Instruction 12.1C suggests a basic "motivating factor" instruction for proof of the element of causation, with no reference to the "same decision anyway" defense. However, the advisory comment further provides that "[t]he Ninth Circuit has not explicitly decided whether the 'same decision' affirmative defense is an absolute bar to a plaintiff's recovery in the ADA context" and goes on to suggest that, if the trial court determines the evidence supports the defense, it should instruct the jury as follows:

"If you find that the plaintiff has failed to prove any of these elements, your verdict should be for the defendant. If, on the other hand, the plaintiff has proved all of these elements, the plaintiff is entitled to your verdict, even if you find that the defendant's decision was motivated by the plaintiff's disability and a lawful reason. *If, however, the defendant proves by a preponderance of the evidence that the defendant would have made the same decision even if the plaintiff's disability had played no role in the defendant's decision to [[discharge] * * *] the plaintiff, your verdict should be for the defendant.*"

Comment to Ninth Circuit Model Civil Jury Instruction 12.1C (brackets in original; emphasis added).

On appeal, plaintiff seeks reversal of the judgment and a remand for a new trial, assigning error to the last sentence of the court's instruction on causation under the ADA. Again, that portion of the instruction reads as follows:

> "If on the other hand you find Plaintiff has failed to establish his disability was a motivating factor in his termination from employment by a preponderance of the evidence, or Defendants have established by a preponderance of the evidence that the Defendants would have made the same decision even if Plaintiff's disability was a motivating factor in Defendants' decision to discharge Plaintiff, then your verdict should be for the Defendants."

Specifically, plaintiff asserts that the trial court erred by instructing the jury that, even if plaintiff successfully established that his disability was a motivating factor in defendants' termination decision, defendants could avoid *all liability* by showing that they would have fired plaintiff anyway. According to plaintiff, "[t]he 'same decision anyway' analysis is an affirmative defense to certain types of liability [*viz.*, for damages] rather than a complete bar" to *all* liability under the ADA, including with respect to declaratory relief and attorney fees. As support for that proposition, plaintiff invokes several Ninth Circuit cases, including *Head v. Glacier Northwest, Inc.*, 413 F3d 1053 (9th Cir 2005).[5]

Defendants respond that the "same decision anyway" defense is a complete bar to liability under the ADA, citing, *inter alia, Price Waterhouse v. Hopkins*, 490 US 228, 109 S Ct 1775, 104 L Ed 2d 268 (1989).[6] In the alternative,

---

[5] Relying on *Head*, plaintiff asserts that an ADA plaintiff is entitled to the same remedies as a plaintiff who brings a race or sex discrimination claim under Title VII because the ADA specifically incorporates certain "powers, remedies, and procedures" of Title VII. 42 USC § 12117. Under the 1991 amendments to Title VII, when a plaintiff proves that discrimination was a motivating factor but the defendant proves that it would have taken the same action in the absence of discrimination, the plaintiff is still entitled to declaratory and limited injunctive relief, and attorney's fees and costs. 42 USC § 2000e-5(g)(2)(B).

[6] In *Price Waterhouse*, a plurality of the Supreme Court interpreted Title VII to require that a plaintiff prove only that discrimination was a "motivating factor" for the adverse employment action, not the "but for" cause of the employer's action. 490 US at 258. Under *Price Waterhouse*, however, an employer that had discriminated could avoid all liability if it could prove that it would have made the "same decision" anyway for nondiscriminatory reasons. *Id.*

Following *Price Waterhouse*, Congress amended Title VII to limit the scope of the "same decision anyway" defense. 42 USC § 2000e-5(g)(2)(B). Congress did not

defendants assert that, even if plaintiff is correct that "same decision anyway" is an affirmative defense only with respect to the recovery of monetary damages—and not to ADA liability more generally—the instruction was "correct, or at most harmless error" because "[t]he only claims submitted to the jury in this case were claims under the ADA for monetary damages."

In sum, the parties agree that the instruction given was correct, *at least as to damages*. Thus, the gravamen of plaintiff's argument is not so much that the instruction was an erroneous statement of law—at least as to the jury's determination of whether plaintiff was entitled to recover damages—but, instead, that the instruction was impermissibly overbroad and implicitly misleading because it did not inform the jury that (at least under plaintiff's view of the law) the "same decision anyway" defense did not preclude all liability under the ADA.

Defendants do not assert that the assigned error was not preserved for our review. However, we are enjoined, as a prudential matter, to determine independently whether plaintiff adequately raised and preserved his present contention before the trial court. *Wyatt*, 331 Or at 344-46; *see also State v. Rumler*, 199 Or App 32, 39, 110 P3d 115 (2005). For the reasons that follow, we decline to address plaintiff's present challenge to the trial court's causation instruction as unpreserved.[7]

---

concurrently or subsequently expressly so amend the ADA. Defendants assert that *Price Waterhouse* remains the controlling authority for interpreting the phrase "because of" in the ADA, because the ADA "is essentially identical to that contained in [Title VII] at the time that it was interpreted by the U.S. Supreme Court." Therefore, defendants argue, the "same decision anyway" defense is a complete bar to liability under the ADA. Although the federal courts of appeal appear to be split on the issue, defendants rely on, *inter alia*, *Sista v. CDC Ixis North America, Inc.*, 445 F3d 161, 169 (2d Cir 2006), and *Morgan v. Hilti, Inc.*, 108 F3d 1319, 1323-24 (10th Cir 1997), as authority for their position.

[7] Given our analysis, we do not reach the provocative, and hotly contested, issue as to whether the "same decision anyway" defense precludes all ADA liability or merely recovery of monetary damages. We note, moreover, that it is precisely because the matter is so closely disputed that plaintiff's present contention implicates a "legal point" that is "reasonably in dispute"—and, thus, is not susceptible to review as an error of law apparent on the face of the record. *State v. Brown*, 310 Or 347, 355, 800 P2d 259 (1990).

██ ORCP 59 H prescribes what a party must do in the trial court to preserve instructional error:

> "H(1) A party may not obtain review on appeal of an asserted error by a trial court in submitting or refusing to submit a statement of issues to a jury pursuant to subsection C(2) of this rule or in giving or refusing to give an instruction to a jury *unless the party who seeks to appeal identified the asserted error to the trial court* and made a notation of exception immediately after the court instructed the jury.

> "H(2) A party shall state *with particularity* any point of exception to the trial judge. A party shall make a notation of exception either orally on the record or in a writing filed with the court."

(Emphasis added.) *See generally Peitsch v. Keizer*, 219 Or App 114, 116, 180 P3d 1239 (2008) (concluding that challenge to jury instruction did not comport with ORCP 59 H and, thus, was not preserved for appellate review: "[T]he exception that plaintiffs' counsel did raise * * * did not cogently present for the trial court's consideration the alleged deficiencies in that instruction that plaintiffs urge on appeal."). Thus, the requirements of ORCP 59 H are congruent with the more general directive that a party "must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Wyatt*, 331 Or at 343; *see also State v. Wideman*, 203 Or App 359, 364, 124 P3d 1271 (2005) (preservation rules are meant to ensure "that the position of a party is presented clearly to the trial court and that parties are not taken by surprise, misled, or denied opportunities to meet an argument").

In this case, plaintiff's exception at the time of trial did not alert the trial court to the alleged defect in the causation instruction that plaintiff urges on appeal. Immediately after having instructed the jury, the trial court invited counsel to state their exceptions to the instructions. Plaintiff's counsel then recited a list of the instructions to which

she was taking exception, which included—without elaboration—the instruction on "elements to establish ADA claim."[8] Although that exception informed the trial court that plaintiff took issue with some aspect of the causation instruction, it did not "state with particularity," ORCP 59 H(2), any objection to that instruction. Much less did that exception "cogently present for the trial court's consideration the alleged deficiencies in that instruction that plaintiff[ ] urge[s] on appeal." *Peitsch*, 219 Or App at 116. That is, that exception did not alert the trial court to the presently "alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Wyatt*, 331 Or at 343.

Later in the colloquy pertaining to exceptions, plaintiff's attorney listed exceptions to the trial court's *failure* to give *requested* instructions. *See* ORCP 59 H(1) (party must except to "an asserted error * * * in giving *or refusing to give* an instruction" (emphasis added)).[9] In that context, plaintiff's attorney stated:

> "I want to put on the record our objection to the failure to give Plaintiff's Requested Jury Instruction No. 18 because the only requirement under the ADA is that the Plaintiff establish that there was—that a discriminatory motive was a motivating factor, and that should be enough to establish liability and *but for test is not applicable.*"

(Emphasis added.)

Once again, even if that statement could somehow be cast as "amplifying context" for plaintiff's earlier objection

---

[8] The entirety of the substantive colloquy before the trial court pertaining to plaintiff's exceptions to the trial court's instruction on causation was as follows:

"[PLAINTIFF'S COUNSEL]: Okay. Well, I'll just list the exceptions.

"THE COURT: Go ahead.

"[PLAINTIFF'S COUNSEL]: To the employment at will instruction, the reasonable accommodation instruction, the reasonable accommodation defined, the duty to mitigate damages, *elements to establish ADA claim*, motivating factor definition, medical insurance premiums, and withdrawal of issues."

(Emphasis added.)

[9] Plaintiff does not assign error on appeal to the trial court's failure to give his requested instruction on causation. That may be because that instruction did not include any language explaining the consequences of a defendant's proof that it would have made the "same decision anyway."

to the court's causation instruction, that remark was inadequate to alert the trial court to the contention that plaintiff now raises on appeal. In particular, counsel's unadorned statement that the "but for test is not applicable" was insufficient to raise, and preserve, plaintiff's present challenge.

The phrase "but for test" in the ADA context appears to refer to a requirement that a discrimination plaintiff prove that "but for" his or her disability, the adverse employment action would not have occurred.[10] A requirement of "but for" causation is generally considered tantamount to requiring a plaintiff to prove that disability was the "sole or exclusive" reason for the adverse employment action. *See Price Waterhouse*, 490 US at 240-41 (discussing "but for" causation under Title VII). Thus, plaintiff's attorney's reference to the "but for" test did not give the trial court the opportunity to consider the issue now raised on appeal—*viz.*, whether proof of "same decision anyway" bars liability or just limits the prevailing party's recovery to equitable relief.[11] Further, even if

---

[10] In *Price Waterhouse*, the plurality held that "motivating factor" was the causation standard for Title VII cases, but other justices interpreted Title VII to require the plaintiff to prove that discrimination was the "but for" cause of an employment action. *See* 490 US at 281 (Kennedy, J., dissenting). Following *Price Waterhouse*, Congress adopted the plurality's reasoning and amended Title VII to prohibit employment actions for which discrimination was a "motivating factor." 42 USC § 2000e-2(m). The Ninth Circuit has rejected the "but for" test in the ADA context, requiring an ADA plaintiff to prove only that discrimination based on the plaintiff's disability was a "motivating factor." *Head*, 413 F3d at 1063-65.

[11] On appeal, plaintiff seems to conflate the two distinct legal principles of "but for" causation and the "same decision anyway" defense, sometimes using the two terms interchangeably. With respect to "but for" causation, the parties and the trial court appear to have been in agreement that the ADA does not require a plaintiff to demonstrate that "but for" his or her disability, the adverse employment action would not have been taken. In fact, the trial court's instructions to the jury specifically provided that:

"Many factors may operate either independently or together to cause an employer's action. In such a case, each may be the cause of the employer's decision, even though the others would have been * * * sufficient of themselves to cause the same decision.

"The Plaintiff does not need to show that his protected class or conduct was the sole factor, the dominant factor, or the primary factor in the employer's action."

However, the effect of the "same decision anyway" defense is different. It does not require the *plaintiff* to prove "but for" causation as part of his or her *prima facie* case; rather, it functions as an *affirmative defense* so that, even if a jury finds that discrimination was a motivating factor, a defendant can avoid responsibility (at least as to damages—and, arguably, as to liability in general) by showing that it

counsel's reference to the "but for" test could somehow be understood to refer to the "same decision anyway" defense, the unqualified statement that that concept is "not applicable" is wrong. Even under plaintiff's position on appeal, the "same decision anyway" defense is applicable, albeit only as a bar to damages.

We note, finally, that plaintiff did not object to the content of the special verdict. That inaction is, at least collaterally, significant and revealing with respect to nonpreservation in two related respects. First, as noted, plaintiff's present challenge to the causation instruction proceeds from the premise that, if he proved that his disability was a motivating factor for his discharge, he would be the prevailing party in the action, entitled, at least, to declaratory relief and attorney fees, even if defendants established the "same decision anyway" defense—and, thus, the instruction overstated the effect of that defense. Given that premise, one would reasonably have expected plaintiff to insist on special interrogatories that tracked that reasoning, separately inquiring as to whether (1) plaintiff's disability was a motivating factor in his discharge and (2) whether, even if so, defendants would have discharged defendant anyway, on other, nondiscriminatory grounds. Further, for the same reasons, one would reasonably have expected plaintiff to have objected to a more general interrogatory that, as a practical matter, encompassed both inquiries without differentiation. However, the special verdict form did not differentiate between those inquiries—instead, merely asking, "Did defendants terminate plaintiff's employment because of a disability?"—and plaintiff did not object. Second, and concomitantly, if plaintiff had so objected, that might well have contextually alerted the trial court to his present challenge to the causation instruction. But, again, that did not occur.

We thus decline to review, as unpreserved, plaintiff's challenge to the trial court's instruction regarding causation on plaintiff's ADA claim.

Affirmed.

---

had an independently nonactionable reason for the challenged action. Thus, the "same decision anyway" defense is, to some extent, the obverse of the "but for" test, with the defendant, not the plaintiff, bearing the burden of persuasion.