Submitted May 25, 2011, affirmed April 18, petition for review denied August 16, 2012 (352 Or 341)

## STATE OF OREGON,
### *Plaintiff-Respondent,*

*v.*

## ANDREW JOHN DRIES,
### aka Andy John Gomez,
### *Defendant-Appellant.*

Multnomah County Circuit Court
081034751; A142715

277 P3d 607

Peter Gartlan, Chief Defender, and Erica Herb, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

John R. Kroger, Attorney General, Mary H. Williams, Solicitor General, and Douglas F. Zier, Assistant Attorney General, filed the brief for respondent.

Before Ortega, Presiding Judge, and Brewer, Judge, and Sercombe, Judge.

SERCOMBE, J.

**SERCOMBE, J.**

Defendant appeals a judgment of conviction for first-degree theft by receiving. ORS 164.015; ORS 164.055; ORS 164.095.[1] ORS 164.095(1) provides that "[a] person commits theft by receiving if the person receives, retains, conceals or disposes of property of another knowing or *having good reason to know* that the property was the subject of theft." (Emphasis added.) In *State v. Thomas*, 13 Or App 164, 171, 509 P2d 446 (1973), we held that a conviction under that statute requires a "finding of [a] defendant's actual knowledge or belief" that the property was stolen. On that basis, we further held that an instruction that includes the phrase "having good reason to know" is erroneous because it suggests that a jury may consider whether a reasonable person would have believed that the property was stolen. *Id.* at 171-72. Relying on our reasoning in *Thomas*, defendant contends that the trial court erred in instructing the jury that a person commits first-degree theft by receiving "when, with intent to deprive another of property[,] the person receives the property of another, knowing or having good reason to know [that] the property was the subject of theft." For the reasons that follow, we conclude that defendant failed to state with particularity that point of exception before the trial court as required by ORCP 59 H. Accordingly, we affirm.[2]

A description of the underlying facts in this case would not benefit the bench, the bar, or the public. ORCP 59 H—the requirements of which apply to criminal trials, ORS 136.330(2)—sets forth the means by which a party must preserve an appellate challenge to alleged instructional error:

"(1)   * * * A party may not obtain review on appeal of an asserted error by a trial court in submitting or refusing to submit a statement of issues to a jury pursuant to subsection C(2) of this rule or in giving or refusing to give an

---

[1] After defendant committed the crime in this case, the legislature amended ORS 164.055 and ORS 164.095. Or Laws 2009, ch 16, § 3; Or Laws 2009, ch 610, § 6; Or Laws 2009, ch 811, § 9. The amendments are not relevant to our analysis, and, accordingly, we cite to the current versions of the statutes.

[2] Additionally, defendant contends that the trial court erred in denying his motion to suppress and his motion for judgment of acquittal. We reject those assignments of error without discussion.

instruction to a jury unless the party who seeks to appeal identified the asserted error to the trial court and made a notation of exception immediately after the court instructed the jury.

"(2) * * * A party shall state with particularity any point of exception to the trial judge. A party shall make a notation of exception either orally on the record or in a writing filed with the court."

The requirements of that rule

"are congruent with the more general directive that a party 'must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted.' "

*Wilson v. Walluski Western Ltd.*, 226 Or App 155, 163, 203 P3d 284 (2009) (quoting *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000)); *see also Pereira v. Thompson*, 230 Or App 640, 650, 217 P3d 236 (2009) ("The exception must call the trial court's attention to a *specific* objection and must not be too general." (Internal quotation marks omitted; emphasis in original.)).

In this case, defendant's exception did not "state with particularity" the alleged error in the instruction that defendant urges on appeal. The state requested that the trial court give the following instruction:

"Oregon law provides that a person commits the crime of theft in the first degree by receiving when, with intent to deprive another of property, the person receives the property of another, knowing or *having good reason to know* that the property was the subject of theft."

(Emphasis added.) Defendant objected and argued that, because the grand jury had only alleged in the indictment that defendant "knowingly commit[ted] theft by receiving," the court should not instruct the jury on a different intent— "having good reason to know." In the alternative, defendant requested that the court give the uniform instruction, which was identical except that it replaced the phrase "having good reason to know" with the term "believing." In support of that request, defendant argued that "having good reason to know"

and "believing" were "essentially the same thing." The court gave the state's requested instruction, and defendant excepted "to the jury being instructed regarding the 'had good reason to know' language that was not indicted by the grand jury." That exception failed to alert the trial court to the alleged error that defendant asserts on appeal—that the use of the phrase "having good reason to know" permitted the jury to improperly convict defendant on the basis of whether a reasonable person in defendant's position would have believed that the property was stolen. Accordingly, defendant cannot obtain review of that instructional error under ORCP 59 H. *See Peitsch v. Keizer*, 219 Or App 114, 116, 180 P3d 1239 (2008) (finding a claim of instructional error unpreserved where the plaintiffs' exception did not "cogently present for the trial court's consideration the alleged deficiencies in that instruction that [the] plaintiffs urge[d] on appeal").

Affirmed.