Argued and submitted May 25, 2011, affirmed June 27, 2012

**STATE OF OREGON,**
*Plaintiff-Respondent,*

*v.*

**IAN GEORGE VANORNUM,**
*Defendant-Appellant.*

Lane County Circuit Court
200818082A; A142341

282 P3d 908

Neil F. Byl, Deputy Public Defender, argued the cause for appellant. With him on the brief was Peter Gartlan, Chief Defender, Office of Public Defense Services.

Tiffany Keast, Assistant Attorney General, argued the cause for respondent. With her on the brief were John R. Kroger, Attorney General, and Mary H. Williams, Solicitor General.

Before Ortega, Presiding Judge, and Schuman, Judge, and Sercombe, Judge.*

ORTEGA, P. J.

Schuman, J., dissenting.

------

* Schuman, J., *vice* Rosenblum, S. J.

## ORTEGA, P. J.

Following a jury trial, defendant was convicted of resisting arrest, ORS 162.315, and disorderly conduct in the second degree, ORS 166.025. We write to address the first and third assignments of error that he makes on appeal, rejecting his second assignment of error without discussion. First, he contends that the trial court erred by refusing to give a special jury instruction defining "unreasonable physical force" in the context of resisting arrest. Second, he argues that the trial court erred by providing an instruction on self-defense that permitted the jury to improperly consider the officer's reasonable belief regarding the necessity of using force, instead of focusing on defendant's belief. Because neither of those claims of error was preserved for our review under ORCP 59 H, however, we affirm.

The pertinent facts are procedural. At the close of evidence, the trial court read Uniform Criminal Jury Instruction (UCrJI) 1227—the uniform jury instruction on self-defense to a resisting-arrest charge—to the jury:

"The defense of self-defense has been raised.

"And a peace office[r] may use physical force on a person being arrested only when and to the extent the officer reasonably believes it is necessary to make an arrest. If a person being arrested physically opposes an arresting officer, the officer may use reasonable force to overcome the opposition.

"If, however, the officer uses unreasonable physical force to arrest a person who is offering * * * no unlawful resistance, as I have defined that term for you, that person may use physical force for self-defense from what the person reasonably believes to be the use or imminent use of unlawful physical force by the officer.

"In defending[,] the person may only use that * * * degree of force which he reasonably believes to be necessary."

Before reading the instructions, the trial court asked if either party had any objections to them, to which defendant replied, "No, those are fine, Your Honor." Defendant

requested, however, that the court give the following special instruction in addition to UCrJI 1227:

**"DEFINITION OF 'UNREASONABLE PHYSICAL FORCE'**

"When analyzing a claim of [s]elf-[d]efense to the charge of [r]esisting [a]rrest, the jury shall find that 'unreasonable physical force' by the officer[s] making the arrest exists if the defendant reasonably believed that the officers' use of force was disproportionate in the circumstances.

"If the jury finds that the defendant reasonably believed that the officers' use of force was disproportionate in the circumstances, the jury must then decide whether the defendant reasonably believed that his own use of force in response was necessary in the circumstances."

(Boldface and underscoring in original.) In support of his special instruction, defendant explained:

"The basis of the special instructions, of course, is to identify a particular fact in the case that maybe needs to have its legal authority more expanded for the jury. Sometimes these general instructions are written in a very general way that appl[ies] to a large series of events at trials * * *.

"Now, if there's a factual basis in the particular trial, and a legal authority for the instruction attached to that factual basis, then the presumption is that the special instruction is given.

"And we think that the factual basis has existed in this trial, and that the legal authority, as the Court has noted, is certainly there mentioned. As you said, in the general uniform jury instruction[,] *State v. Wright,* [310 Or 430, 99 P2d 642 (1990)] is mentioned as authority.

"And so we find that in the specific case of this case, and the unreasonable use of force by these officers, the jury would benefit if they were told in more detail rather than general nature about what the law is on that aspect of this case."

The trial judge refused to provide the special instruction, explaining that he believed that the uniform jury instruction was sufficient. Then, after the jury was instructed, defendant took exception to the trial court's failure to give his special

instruction based on his earlier remarks.[1] He did not take exception to the jury instruction that was provided by the court.

After trial, but before the parties submitted their briefs on appeal, the Supreme Court decided *State v. Oliphant*, 347 Or 175, 218 P3d 1281 (2009), which concerned, among other issues, UCrJI 1227—the same uniform jury instruction at issue here. The court in *Oliphant* held that a criminal defendant who has been charged with resisting arrest and who has asserted self-defense is entitled to a jury instruction that explains that,

> "[i]f [the defendant] believed, and a reasonable person in his position would have believed, that the use or imminent use of force against him exceeded the force reasonably necessary to effect the arrest, then he was entitled to defend himself from that use of force."

347 Or at 194. The court held that in such circumstances the trial court should not give the portion of the uniform instruction that provides that an officer may use a degree of physical force that the officer reasonably believes is necessary to effectuate an arrest, explaining that that portion of the instruction "insert[s] an irrelevant issue—the arresting officers' actual state of mind—into the jury's deliberations concerning [the defendant's] claim of self defense," *id.*, and "impermissibly shifts the focus of the jury's deliberations on a defendant's self-defense claim from what the defendant reasonably believes to what the officer believes," *id.* at 198.

In his first assignment of error, defendant contends that his requested jury instruction is a correct statement of the law as later announced in *Oliphant* and that, therefore, the trial court erred by failing to provide that instruction. He contends that his requested instruction would have instructed the jury to view whether the officers' use of force was unreasonable from defendant's perspective rather than the officers' perspective. He also argues that, because his

---

[1] *Cf. Deason v. TriMet*, 241 Or App 510, 514 n 2, 251 P3d 779 (2011) (addressing circumstances in which a party's brief post-instructional exception, which was based on her earlier objections, was sufficient to satisfy the requirements of ORCP 59 H).

requested instruction was supported by evidence in the record, the trial court was required to give it. Finally, defendant contends that, "had [his] requested instruction been given, it is possible that his requested instruction would have mitigated the damage from the erroneous instruction" given by the court—specifically, the portion of that instruction stating that

> "a peace office[r] may use physical force on a person being arrested only when and to the extent the officer reasonably believes it is necessary to make an arrest. If a person being arrested physically opposes an arresting officer, the officer may use reasonable force to overcome the opposition."

Although the state does not contend that defendant failed to preserve his first assignment of error, challenging the failure to give his requested instruction, we nevertheless "are enjoined, as a prudential matter, to determine independently whether [defendant] adequately raised and preserved his present contention before the trial court." *Wilson v. Walluski Western Ltd.*, 226 Or App 155, 162, 203 P3d 284 (2009).

In order to adequately preserve instructional error, the party making the claim of error must comply with ORCP 59 H, which applies to criminal trials through ORS 136.330(2). ORCP 59 H provides:

> "H(1)   * * * A party may not obtain review on appeal of an asserted error by a trial court in submitting or refusing to submit a statement of issues to a jury pursuant to subsection C(2) of this rule or in giving or refusing to give an instruction to a jury *unless the party who seeks to appeal identified the asserted error to the trial court* and made a notation of exception immediately after the court instructed the jury.

> "H(2)   * * * A party shall state *with particularity* any point of exception to the trial judge. A party shall make a notation of exception either orally on the record or in a writing filed with the court."

(Emphasis added.) The requirements of ORCP 59 H are congruent with the more general directive that "a party must

provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *State v. Wyatt*, 331 Or 335, 343, 15 P3d 22 (2000). Preservation rules are meant to ensure "that the position of a party is presented clearly to the trial court and that parties are not taken by surprise, misled, or denied opportunities to meet an argument." *State v. Wideman*, 203 Or App 359, 364, 124 P3d 1271 (2005).

Here, defendant failed to specify "with particularity" any reason why his proposed instruction would be helpful to the jury's deliberations and otherwise a correct statement of law. Defendant merely stated that "[t]he basis of the special instructions * * * is to identify a particular fact in the case that maybe needs to have its legal authority more expanded for the jury" and that "the jury would benefit if they were told in more detail rather than general nature about what the law is on that aspect of this case." Those generalized remarks did not adequately "identif[y] the asserted error to the trial court," ORCP 59 H(1), and did not "state with particularity," ORCP 59 H(2), the alleged error that defendant now asserts—namely, that, because the trial court refused to give the special instruction, the jury was permitted to view whether the officers' use of force was unreasonable from the officers' perspective rather than defendant's perspective. In this specific circumstance, more than a cursory remark about the proposed instruction was required, not least because the instruction that was given (which defendant approved) conflicted with defendant's proposed jury instruction.[2] That is, in this circumstance, the court could not have given both instructions without running a great risk of confusing the jury. Accordingly, we decline to address the merits of defendant's first assignment of error.

_____

[2] As noted, the self-defense instruction that the trial court gave with defendant's approval, based on UCrJI 1227, was later disapproved in *Oliphant*. Even if defendant's proposed instruction is consistent with *Oliphant*—something about which we harbor doubt but do not decide—that instruction was not consistent with UCrJI 1227. So, again, defendant could not have alerted the trial court of his current position while approving the self-defense instruction that was provided to the jury.

With regard to defendant's third assignment of error, defendant concedes that he did not take exception to the self-defense instruction that was provided to the jury but argues that, in light of *Oliphant*, that instruction constitutes plain error that we should exercise our discretion to review. Because defendant raised no exception to the jury instruction provided by the trial court, as required by ORCP 59 H, defendant's third assignment of error is not reviewable. *Cf. State v. Guardipee*, 239 Or App 44, 48, 243 P3d 149 (2010) (holding that a claim of instructional error was not subject to plain error review where the defendant did not except to the trial court's failure to give a requested instruction and the alleged error did not fall within the limited exception to the broad preclusive sweep of ORCP 59 H); *see also State v. Toth*, 213 Or App 505, 162 P3d 317 (2007) (illustrating the limited exception).

In short, because neither claim of instructional error was preserved for our review, as required by ORCP 59 H, the judgment of the trial court is affirmed.

Affirmed.

**SCHUMAN, J.,** dissenting.

At defendant's trial for disorderly conduct and resisting arrest, the court refused to give an instruction that, under a subsequently decided Supreme Court case, was a correct statement of the law, and *did* give an instruction that, under the same Supreme Court case, was an *incorrect* statement of the law. Both instructions involved a disputed and potentially dispositive issue in the case. In other words, applying the law as it currently exists, *State v. Jury*, 185 Or App 132, 57 P3d 970 (2002), *rev den*, 335 Or 504 (2003), it is beyond dispute that defendant did not receive a fair trial. The state concedes as much and the majority does not maintain otherwise. The majority nonetheless affirms this wrongfully obtained conviction because, in the majority's view, defendant's trial counsel did not adequately comply with a procedural "preservation of error" rule under which we are prohibited from reviewing jury instructions unless the party seeking review excepted to the instructions "with particularity" and "immediately after the court instructed the jury."

ORCP 59 H.[1] That same rule, the majority concludes, prohibits us from reviewing concededly plain and prejudicial error regarding the instruction that the court did give. It therefore appears that, in this case as in many others, our "preservation" jurisprudence primarily preserves injustice. I therefore respectfully dissent.

Because this dissent focuses on the court's refusal to give defendant's requested instruction, we view the facts in the light most favorable to giving the instruction. *State v. Oliphant*, 347 Or 175, 178, 218 P3d 1281 (2009); *Hernandez v. Barbo Machinery Co.*, 327 Or 99, 101 n 1, 957 P2d 147 (1998).

Defendant was a participant in an anti-pesticide demonstration in Eugene. He was wearing a "hazmat" suit and carrying a spray bottle bearing a skull and crossbones label but filled with water. At various times, he sprayed water on vegetation and on the ground in front of passing vehicles. He also blocked traffic by standing in the street. One of the vehicles he blocked was driven by a Eugene Police Officer, Solesbee, who had been called to the event by a federal Homeland Security Officer. When Solesbee rolled down his window, defendant pointed his sprayer at him and said something like, "Would you want to be sprayed in the face with poison?" Solesbee warned defendant not to continue obstructing traffic and drove off. He then decided to arrest defendant for disorderly conduct. He approached defendant and, helped by two other officers, put defendant in a painful "arm bar" and attempted to "escort" him across the street. Defendant pulled away from the officers. Solesbee then told defendant that he was under arrest for disorderly conduct, pushed him against a pillar, and put handcuffs on one of his wrists. He then pulled defendant to the ground by the hair and attempted to finish handcuffing him. Defendant continued to resist. A second officer then tased him twice. The second tasing may have occurred after defendant was already handcuffed.

Defendant was tried for disorderly conduct and resisting arrest. As the majority relates, after presentation of

---

[1] ORCP 59 H is set out below, 250 Or App 703-04 (Schuman, J., dissenting).

the evidence, he accepted Uniform Criminal Jury Instruction (UCrJI) 1227, which deals with self-defense in the context of a prosecution for resisting arrest. As read to the jury, the instruction provided:

"And a peace office[r] may use physical force on a person being arrested only when and to the extent *the officer reasonably believes* it is necessary to make an arrest. If a person being arrested physically opposes an arresting officer, the officer may use reasonable force to overcome the opposition.

"If, however, the officer uses unreasonable physical force to arrest a person who is offering * * * no unlawful resistance, as I have defined that term for you, that person may use physical force for self-defense from what *the person reasonably believes* to be the use or imminent use of unlawful physical force by the officer.

"In defending[,] the person may only use that * * * degree of force which *he reasonably believes* to be necessary."

(Emphasis added.) That instruction is not a model of clarity. The italicized words in the first paragraph appear to focus attention on the arresting officer's perception of the need for physical force, while the italicized words in the second and third paragraphs appear to focus on defendant's perception of *his* need to use defensive force. In an attempt to clarify the ambiguity, defense counsel requested an additional instruction:

"When analyzing a claim of [s]elf-[d]efense to the charge of [r]esisting [a]rrest, the jury shall find that 'unreasonable physical force' by the officer[s] making the arrest exists if the defendant reasonably believed that the officers' use of force was disproportionate in the circumstances.

"If the jury finds that the defendant reasonably believed that the officers' use of force was disproportionate in the circumstances, the jury must then decide whether the defendant reasonably believed that his own use of force in response was necessary in the circumstances."

After hearing argument on the request, the court refused to give the instruction. Defendant properly excepted to the court's refusal immediately after the jury was instructed, as

required by ORCP 59 H(1). He did not except to the instruction that the court gave based on UCrJI 1227. Defendant was subsequently convicted of resisting arrest.[2]

Shortly after the conviction, a story appeared in the *Eugene Register-Guard* reporting that the jury foreman had approached a reporter and offered information implying that he "didn't want Van Ornum's conviction to be looked at as some kind of approval of the police process." He also was reported as saying, "I didn't like having to convict him, because of everything else that happened, * * * [b]ut our instructions from the court were specific." Based on that article, defendant moved for a new trial, arguing expressly that the court had erred in giving the jurors instructions that inadequately alerted them to focus on defendant's perception as to the reasonableness of the arresting officers' use of force. The court denied the motion, explaining that, "in the context of any kind of claim of self-defense regarding an arrest, it has to be an objective standard. Not what some person who's being arrested happens to believe."

Approximately five months after the trial court entered judgment against defendant, but before briefing in this case, the Supreme Court decided *Oliphant*. Clarifying the relationship between an arrestee's use of force in *resisting arrest* and the arrestee's use of force in *self-defense*, the court held, " 'If a peace officer uses excessive force in making an arrest, the arrestee has a right to use physical force in self-defense against the excessive force being used by the officer. * * * In that circumstance, the arrestee is not "resisting arrest," but, rather, is defending against the excessive force being used by the arresting officer.' " 347 Or at 193 (quoting *State v. Wright*, 310 Or 430, 435, 799 P2d 642 (1990) (citation omitted)). The court explained:

> "[The defendant] had a right to have the jury consider the circumstances surrounding the event from his own point of view. If [the defendant] believed, and a reasonable person in his position would have believed, that the use or imminent use of force against him exceeded the force

---

[2] Defendant was also convicted of disorderly conduct. He does not appeal that conviction.

reasonably necessary to effect the arrest, then he was entitled to defend himself from that use of force."

*Id.* at 194. The court also examined an instruction similar to the first paragraph of UCrJI 1227 providing "that an officer is justified in using the degree of physical force in those circumstances that the officer reasonably believes is necessary." *Id.* The court held,

> "As our previous discussion shows, that statement impermissibly shifts the focus of the jury's deliberations on a defendant's self-defense claim from what the defendant reasonably believes to what the officer believes. That is incorrect and should not be included in the instructions to the jury during the trial on remand."

*Id.* at 198 (footnote omitted).

On appeal, defendant raises three assignments of error, all based on *Oliphant*: first, the court erred in refusing to give the requested instruction; second, the court erred in denying the motion for a new trial; and third, the court erred in giving an instruction that affirmatively misstated the law. The state responds that defendant was not entitled to the proffered instruction because it was not supported by the evidence in the record; that the court did not abuse its discretion by denying defendant's motion for a new trial because a new trial is justified only by juror misconduct or newly discovered evidence; and that, although giving the discredited instruction was error, it was not plain error because defendant might have had a tactical reason for not taking exception.

The majority does not address the state's arguments. Instead, it rejects the second assignment of error (new trial) without discussion, and it decides the first and third assignments of error based on ORCP 59 H, a rule that the state did not cite in its brief or at oral argument. That rule provides:

> "H(1)   * * * A party may not obtain review on appeal of an asserted error by a trial court in submitting or refusing to submit a statement of issues to a jury pursuant to subsection C(2) of this rule or in giving or refusing to give an instruction to a jury *unless the party who seeks to appeal identified the asserted error to the trial court* and made a

notation of exception immediately after the court instructed the jury.

"H(2)  * * * A party shall state *with particularity* any point of exception to the trial judge. A party shall make a notation of exception either orally on the record or in a writing filed with the court."

(Emphasis added.)

As the majority correctly observes, we have held that ORCP 59 H(1) prevents us from applying our usual plain error review where the plain error involves a jury instruction and no "notation of exception" was made "immediately after the court instructed the jury." *State v. Guardipee*, 239 Or App 44, 243 P3d 149 (2010). And the majority correctly observes that we have a duty to refrain from reviewing unpreserved claims of error even when, as here, the parties themselves do not ask us to. *Wilson v. Walluski Western Ltd.*, 226 Or App 155, 162, 203 P3d 284 (2009). I am convinced that, in too many circumstances, these precepts lead to unjustifiable and unjust results and serve no purpose whatsoever. This case is a good example; although defendant did not note an exception to the jury instruction that the court gave, that instruction (we now know) is undeniably wrong, giving it was undeniably prejudicial, and the state undeniably did not advance the argument that the majority invokes. However, our cases are what they are, and for that reason I must, albeit under protest, accept the majority's conclusion that we cannot review the plainly erroneous self-defense instruction that the court gave. Likewise, I recognize that the standard of review governing motions for a new trial under ORCP 64 B(1) is abuse of discretion, *Leland Properties v. Burton Engineering and Survey*, 152 Or App 557, 564, 954 P2d 851, *rev den*, 327 Or 620 (1998); that the discretion should be sparingly exercised, *McCathern v. Toyota Motor Corp.*, 160 Or App 201, 238, 985 P2d 804 (1999), *aff'd*, 332 Or 59, 23 P3d 320 (2001); and that there is no authority for the proposition that a newly decided case should justify a new trial as readily as newly discovered evidence. I therefore cannot dispute the majority's decision to reject defendant's second assignment of error.

However, no precedent (or lack thereof) constrains me from arguing that the majority misapplied ORCP 59 H(2)

in holding that defendant did not "state with particularity" his exception to the court's refusal to give the requested jury instruction. The proffered instruction, again, stated:

"When analyzing a claim of [s]elf-[d]efense to the charge of [r]esisting [a]rrest, the jury shall find that 'unreasonable physical force' by the officer[s] making the arrest exists if the defendant reasonably believed that the officers' use of force was disproportionate in the circumstances.

"If the jury finds that the defendant reasonably believed that the officers' use of force was disproportionate in the circumstances, the jury must then decide whether the defendant reasonably believed that his own use of force in response was necessary in the circumstances."

The import of this instruction could not be clearer: Defendant wanted the jury to know that the phrase "unreasonable physical force" in the second paragraph of UCrJI 1227 meant "unreasonable, gauged from defendant's point of view." Arguing in favor of that instruction, defendant stated:

"The basis of the special instructions, of course, is to identify a particular fact in the case that maybe needs to have its legal authority more expanded for the jury. Sometimes these general instructions are written in a very general way that appl[ies] to a large series of events at trials * * *.

"Now, if there's a factual basis in the particular trial, and a legal authority for the instruction attached to that factual basis, then the presumption is that the special instruction is given.

"And we think that the factual basis has existed in this trial, and that the legal authority, as the Court has noted, is certainly there mentioned. As you said, in the general uniform jury instruction[,] *State v. Wright*[, 310 Or 430, 799 P2d 642 (1990),] is mentioned as authority.

"And so we find that in the specific case of this case, and the unreasonable use of force by these officers, the jury would benefit if they were told in more detail rather than general nature about what the law is on that aspect of this case."

From the transcript, it is clear that, while defendant was making this argument, the court had before it a copy of the

proposed instruction. Thus, defendant presented the court with an instruction calling the jury's attention to the part of UCrJI 1227 that focused on the arrestee's perception of the force being used against him and of that force's reasonableness—pointing out to the jurors "what the law is" on "the unreasonable use of force" and the perspective from which "unreasonableness" is to be determined. It is difficult to imagine what more counsel might have argued to establish adequate "particularity." Counsel was not attempting to convince the court that a correct interpretation of the law required jurors to take defendant's point-of-view; UCrJI 1227 already stated that rule. Counsel wanted only to call attention to that rule. Nor could counsel be expected to cite case law, because there was none.

At the least, then, the majority should have reached the merits of defendant's argument that the court erred in not giving the requested instruction. A party is entitled to a jury instruction that correctly states the law if the record, viewed in the light most favorable to the giving of the instruction, contains any competent evidence to support it. *Crismon v. Parks*, 238 Or App 312, 314, 241 P3d 1200 (2010). Defendant's instruction correctly states the law as set out in *Oliphant*. That case holds that a defendant is "entitled to have his right to self-defense explained to the jury in terms of what a reasonable person in his position would have believed was occurring." *Oliphant*, 347 Or at 194. Defendant's proffered instruction states precisely that. The state, however, maintains that the instruction is incorrect because it tells the jury that it must decide whether defendant reasonably believed that the officer's use of force was "disproportionate," and that word does not appear in any statutes governing resisting arrest. The Supreme Court in *Oliphant*, 347 Or at 194, however, states, "If [the defendant] believed, and a reasonable person in his position would have believed, that the use or imminent use of force against him exceeded the force reasonably necessary to effect the arrest, then he was entitled to defend himself from that use of force." I see no significant difference between asserting that force is "disproportionate" and asserting that it "exceeded the force reasonably necessary to effect the arrest."

The state also maintains that the record contains no evidence that defendant acted in self-defense. Again, I disagree. It is true that, at one point in his testimony, in response to the question, "What did you do in self-defense," defendant answered, "Not much. It wasn't—it wasn't really defending myself. It was more of just shocked of what had happened, and kind of—my emotions were kind of—this is going to be really tough to explain." However, shortly before, he had explained that his resistance "was a reaction of how the initial contact was with the police. It was of course disproportionately violent, out of nowhere. And it was a reaction from an officer who grabbed me from behind, and all of a sudden just went swoop, you know, very forcefully." When pressed as to whether his reaction was self-defense or resisting, he clearly stated, "It would not be resisting, then. No, then it would be self-defense." Viewed in the light most favorable to giving the instruction, the record contains evidence that defendant acted in self-defense. He was therefore entitled to his requested instruction.

Finally, I readily conclude that failing to give the requested instruction was prejudicial. The entire trial focused on the interaction between defendant and police officers, and the extent to which the officers used excessive force. It was clear from the testimony that defendant regarded the officers' use of force as disproportionate and unreasonable, while the officers did not. Instructional error is prejudicial if it might have affected the verdict. *Wallach v. Allstate Ins. Co.*, 344 Or 314, 329, 180 P3d 19 (2008). Had the jury focused on defendant's state of mind and not the police officers', the verdict might well have been different.

In sum, I conclude that defendant noted with sufficient particularity his exception to the court's decision to reject the proffered jury instruction and that, therefore, we should reach the merits of defendant's argument. On the merits, I conclude that the court erred and that its error was prejudicial. I therefore dissent.