Submitted March 30, 2015, affirmed November 30, 2016

## STATE OF OREGON,
*Plaintiff-Respondent,*

*v.*

## CHRISTOPHER PAUL LOCKRIDGE,
*Defendant-Appellant.*

Washington County Circuit Court
C101161CR; A154986

386 P3d 96

Peter Gartlan, Chief Defender, and David Sherbo-Huggins, Deputy Public Defender, Office of Public Defense Services, filed the brief for appellant.

Ellen F. Rosenblum, Attorney General, Anna M. Joyce, Solicitor General, and James Aaron, Assistant Attorney General, filed the brief for respondent.

Before Sercombe, Presiding Judge, and Hadlock, Chief Judge, and Tookey, Judge.

**HADLOCK, C. J.**

Defendant appeals a judgment revoking probation. He assigns error to the trial court's admission of hearsay evidence at his probation revocation hearing, arguing that hearsay was not admissible against him in a probation revocation hearing absent the state demonstrating good cause for not producing the declarant. According to defendant, the admission of that evidence violated his due process right to confront witnesses under the Fourteenth Amendment to the United States Constitution. Because we agree with the state that defendant did not preserve in the trial court the argument that he now makes on appeal, we affirm.

The relevant facts are mostly procedural in nature. Defendant was originally convicted of attempted assault in the second degree and two counts of strangulation, stemming from incidents of domestic violence against his wife. Defendant received three years of formal probation as part of his sentence for those convictions.[1] Defendant's probation conditions required, among other things, that defendant provide his current address to his probation officer, get approval before changing residences, and truthfully answer all inquiries. Additionally, early in defendant's term of probation, defendant was not allowed to have any contact with his wife without written permission. That condition was later modified to allow nonoffensive contact. Defendant, however, received a directive from his probation officer, Brasesco, stating that he was not allowed to have contact with his wife's place of residence (necessarily meaning that he could not reside with her). Defendant had his father's address as his primary residence on file with the probation department.

During defendant's probation term, Brasesco authored two reports of probation violations. The first report alleged that defendant failed to follow the directives of Brasesco by having offensive contact with his wife. The second report added three allegations: (1) defendant changed his residence without approval; (2) defendant failed to follow Brasesco's

---

[1] Defendant also was convicted of fourth-degree assault in the same proceeding and received a probationary sentence, but his probation on that conviction was revoked in a different proceeding and it is not at issue here.

directive not to reside with his wife; and (3) defendant failed to truthfully answer all inquires.

The trial court held a probation violation hearing, during which it heard testimony about the alleged violations. It is apparent from the transcript that Brasesco's written reports were before the court from the beginning of the hearing. The state did not call Brasesco as a witness. Rather, it called another probation officer, Barnett, who had no first-hand knowledge of defendant's case or his performance on probation. However, Barnett had received copies of Brasesco's reports before the hearing and had spoken with Brasesco over the telephone. During the state's direct examination of Barnett, the prosecutor asked whether "Brasesco indicate[d] to [Barnett] that he had made it clear" that defendant was not to have contact with his wife's residence. Defendant objected, stating:

> "Objection. I'm going to object to anything that [Brasesco] *said* on the grounds of hearsay, also [defendant's] due-process right to confront.
>
> "I offered and stipulated to [Brasesco] testifying by phone. He is not here by phone. *And anything that he had to say to Mr. Barnett I would object to.*"

(Emphases added.)

The state responded, in relevant part, by describing the reliability of Brasesco's written reports, upon which Barnett's testimony was partly based. Specifically, the state argued "that this particular report is one that is—is reliable. It's one that is a typical record that is kept in the proceedings of probation violation, I guess, by probation violation officers or probation officers in—in preparation for violation proceedings." The state also argued that the telephone conversation between Barnett and Brasesco merely "clarified any points that may have been addressed in the written report."

Defense counsel did not challenge the state's characterization of Brasesco's written reports as reliable. Instead, defense counsel reiterated that he was objecting to *"conversations* that Mr. Barnett [had] with Mr. Bras[e]sco" about "things that would result potentially in [defendant]

being revoked." (Emphasis added.) Defense contended that "[Brasesco is] not here by phone today. We would object to any of his statements coming in through Mr. Barnett. It's unfair."

The trial court stated that it understood Barnett's testimony to contain two elements: "actual statements based on a conversation with [Brasesco]" and testimony based on Barnett's reading of Brasesco's reports. The court clarified that "Barnett can testify to anything contained in the reports based on a reliable business record conducted as part of a business." However, the trial court excluded any "specific statements" that Brasesco made during conversations with Barnett as impermissible hearsay.

Again, defendant did not object to the admission of evidence about the contents of Brasesco's reports. To the contrary, he acknowledged that the reports were "already in front of the Court." And, although he continued to object to Barnett's testimony about the reports, it was only on the ground that the testimony would be cumulative of the reports, which, he contended, it would "be simpler to simply read." Defendant made no hearsay or due process challenges to Barnett's testimony about the content of Brasesco's reports.

At the conclusion of the hearing, the trial court found that defendant had changed residences without permission to do so and had had offensive contact with his wife in violation of Brasesco's directives. Accordingly, the trial court revoked defendant's probation and sentenced him to 17 months in prison to be followed by three years of post-prison supervision. This appeal followed.

On appeal, defendant argues that, in the absence of good cause for the state's failure to produce Brasesco as a witness, he had a right to confront the probation officer under the Fourteenth Amendment to the United States Constitution. According to defendant, the trial court's reliance on the hearsay statements of Brasesco violated the Due Process Clause because it "deprived defendant of the opportunity to test the accuracy of the evidence against him. The state failed to demonstrate good cause for [Brasesco's]

unavailability." Specifically, defendant challenges Barnett's testimony about what "Barnett *read* [in] Brasesco's file on defendant prior to the hearing." (Emphasis added.) In response, the state argues, in part, that defendant did not preserve the argument that he now asserts on appeal. The state's preservation argument is dispositive. *See State v. Wyatt*, 331 Or 335, 340, 15 P3d 22 (2000) (considering preservation first).

Generally, an issue that is not preserved in the trial court will not be considered on appeal. *Ailes v. Portland Meadows, Inc.*, 312 Or 376, 380, 823 P2d 956 (1991). "[A] party must provide the trial court with an explanation of his or her objection that is specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error immediately, if correction is warranted." *Wyatt*, 331 Or at 343; *see also State v. Wideman*, 203 Or App 359, 364, 124 P3d 1271 (2005) (preservation rules are meant to ensure "that the position of a party is presented clearly to the trial court and that parties are not taken by surprise, misled, or denied opportunities to meet an argument"). A party "should not be heard to argue that a trial court committed reversible error because it did not rule in that party's favor on a ground never presented to it." *Wideman*, 203 Or App at 364 (internal quotation marks omitted).

Again, on appeal, defendant argues that Barnett's testimony about the contents of Brasesco's reports violated defendant's due process right to confront Brasesco. However, in the trial court, defendant's due process challenge was directed only against Barnett's proffered testimony about statements that Brasesco made during telephone conversations with Barnett; defendant did not object on constitutional grounds to Barnett's testimony about the contents of Brasesco's written reports. In particular, defense counsel expressly objected to "anything that [Brasesco] had to *say* to Mr. Barnett." (Emphasis added.) Then, after the state responded to defendant's objection, in part, with an explanation about the reliability of the reports on which Barnett was to rely, defendant reiterated his objection to the "*conversations* that Mr. Barnett [had] with" Brasesco. (Emphasis added.) In short, defendant never argued to the trial court

that it should exclude Barnett's testimony about the contents of Brasesco's written reports on the ground that admission of that testimony would deprive defendant of due process. Rather, defendant objected to that latter testimony only on the ground that it was "cumulative and unnecessary" because the reports were already before the court—an argument that he does not make on appeal.

Thus, neither the state nor the trial court had any reason to believe that defendant was challenging Barnett's testimony about the contents of Brasesco's written reports on due process grounds. As a result, the state had no opportunity to explain why it would be permissible for the trial court to rely on evidence of Brasesco's written reports, and the trial court had no reason to rule on that issue. Accordingly, the argument that defendant makes on appeal is not preserved for our review. *See Hagler v. Coastal Farm Holdings, Inc.*, 354 Or 132, 146-47, 39 P3d 1073 (2013) (preservation principles require all parties to be "fairly apprised of the argument and given an opportunity to respond to it" and the trial court to be "given the opportunity to address the matter as well"); *Wyatt*, 331 Or at 343 (to preserve an argument for appeal, a party must give the trial court an explanation of the party's position that is "specific enough to ensure that the court can identify its alleged error with enough clarity to permit it to consider and correct the error, immediately"); *State v. Brown*, 132 Or App 443, 447, 888 P2d 1071 (1995) (stating that the basis for the objection must be made with specificity as to put the court "on notice that its explanation or analysis may be flawed") (internal quotation marks omitted).

Affirmed.